14 So.2d 460

**TECHE LINES, Inc., v. LOUISIANA PUBLIC SERVICE COMMISSION et al.**

No. 36469.

May 17, 1943.

Rehearing Denied June 21, 1943.

Dissenting Opinion June 24, 1943.

Hugh M. Wilkinson and A. Miles Coe, both of New Orleans, for plaintiff and appellant.

Eugene Stanley, Atty. Gen., Edward L. Gladney, Jr., Sp. Asst. Atty. Gen., J. Y. Fontenot, of Shreveport, and Stafford & Pitts, of Alexandria, for defendants and appellees.

FOURNET, Justice.

The Teche Lines, Inc., availing itself of the provisions of Section 5 of Article VI of the Constitution of 1921, instituted these proceedings to have the court review order No. 2168 of the Louisiana Public Service Commission issued on March 27, 1939, under which the Bordelon Lines, Inc., was given permission (1) to buy the certificates of A. V. Morse under which he had been operating motor coaches from Cottonport to New Orleans, (2) to extend its own route from Marksville to Alexandria, (3) to establish a new route from Longbridge to Cottonport, (4) to operate between Opelousas and Erwinville a route connecting with that operated by Morse, and (5) clarifying restrictions in the certificate of Bordelon Lines, Inc., with reference to its operations between Baton Rouge and New Orleans. Bordelon Lines, Inc., was joined as a party defendant and the plaintiff is here appealing from the adverse ruling of the lower court.

The defendants are reurging the exceptions filed in the lower court to its jurisdiction rationae materiae and of no right of action which were overruled by the trial judge, whose decision in favor of the defendants-appellees was based on the merits. These two exceptions are predicated on the same fact, that is, that the plaintiff failed to file its suit or appeal from the order of the commission within 90 days after the date thereof, as provided by Section 5 of Article VI of the Constitution of 1921.

Article VI of the Constitution of 1921, under the heading "Administrative Officers and Boards," created the Louisiana Public Service Commission (Section 3) and gave it full control over all common carriers and public utilities in the state of Louisiana, except as otherwise therein provided, clothing it with the power to adopt and enforce such rules and regula-

tions and modes of procedure as it might deem fit for the proper discharge of its duties, the right being reserved to any party in interest to appeal "from orders and decrees of the Commission to the courts by filing suit, *within ninety days from the date of the Commission's order, and not thereafter,* against the Commission at its domicile." Section 5. (Italics ours.)

The contention of the appellant with respect to these two exceptions is the same as that advanced in the lower court and upheld by the trial judge, that is, that since the Commission, under the express authority of the constitution, had the right to adopt its own rules of procedure, "as binding as if incorporated in a statute," it could not escape its rule declaring appeals from its orders must be made within 90 days fom the date on which the application for a rehearing was denied.

■ It is our opinion that the Commission, under its limited rule making power, was powerless to draft any rule inconsistent with the clear and positive declaration in the Constitution of 1921 limiting the time within which appeals might be taken to the courts from orders and decrees of the Commission to 90 days from the date of the order, *and not thereafter,* much less a rule extending the time beyond this express constitutional limitation. This conclusion is fortified by the fact that this fixing of the prescribed time for appealing to the courts was the deliberate action of the drafters of the Constitution of 1921, for that provision is not to be found in any of the previous constitutions.

■ Consequently, the court was without jurisdiction to entertain the plaintiff's complaints with respect to Order No. 2168 of the Louisiana Public Service Commission, the same having been filed more than 90 days after the *date* of the order.

For the reasons assigned, the judgment of the lower court dismissing plaintiff's suit is affirmed at its cost.

ODOM, J., absent.

On Motion for Rehearing.

Rehearing denied.

ROGERS, J., dissenting.

HIGGINS, Justice (dissenting from the refusal to grant a rehearing).

When the Commission rendered its order against the plaintiff herein, it filed an application for a rehearing before the Commission, in accordance with its rules and regulations adopted under Sections 4 and 5 of Article VI of the Constitution of 1921. Within ninety days from the date that the Commission refused to grant the plaintiff a rehearing or denied its application therefor, it filed a suit in the District Court of East Baton Rouge attacking the validity and correctness of the Commission's order. The defendant filed exceptions to the jurisdiction of the court ratione materiae on the ground that the ninety day period from the date of the Commission's order had elapsed and, therefore, the suit was filed too late. The plaintiff countered by pointing out that under the express provisions

of Sections 4 and 5 of Article VI of the Constitution, the Commission was granted the power and authority to adopt and enforce "reasonable rules, regulations, and modes of procedure as it may deem proper for the discharge of its duties * * *", and these Sections also provide that its orders "shall go into effect at such time as may be fixed by the Commission * * *." Therefore, as the Commission adopted a reasonable rule and regulation granting the party against whom it had rendered its order a well-recognized right of procedure of applying for a rehearing, conditioned upon the application therefor being filed within five days, the effective date of the Commission's order was the day that the Commission denied the application for rehearing and not the original date when the Commission rendered its order.

The district judge considered the plaintiff's contention sound and, therefore, overruled the exceptions, but decided against the plaintiff on the merits of the case. The plaintiff appealed and we sustained the exceptions but did not, in our original opinion, reconcile the ninety day clause with the other above-quoted pertinent parts of Sections 4 and 5 of Article VI of the Constitution.

One of the recognized methods of interpreting and reconciling provisions of the Constitution or of a statute is the construction placed upon the provisions thereof by the officers in charge of operations thereunder for an appreciable period of time. State v. Standard Oil Co. of La., 190 La. 338, 356, 357, 358, 182 So. 531.

It appears that the contemporaneous construction given to the above-cited provisions of Sections 4 and 5 of Article VI of the Constitution of 1921 is that the effective date of the order of the Commission is the day when the Commission refused to grant the application for a rehearing. In other words, during the time that the application for a rehearing is pending before the Commission, when properly filed in accordance with its reasonable rule and regulations, the order of the Commission is suspended.

In the case of Rimmer v. Jones Bros., 117 La. 910, 42 So. 421, the question was presented of whether or not an applicant for a writ of review to this court had thirty days after the decision of the Court of Appeal had been rendered and entered, or thirty days after the Court of Appeal had denied the application for a rehearing.

The pertinent part of Article 101 of the Constitution of 1898 reads as follows: "Provided, that the Supreme Court shall in no case exercise the power conferred on it by this article, unless the application be made to the court, or to one of the justices thereof, *not later than 30 days after the decision of the Court of Appeal has been rendered and entered.*" (Italics mine.)

This, of course, in principle, is the identical situation with reference to the ninety day clause of Section 5 of Article VI of the Constitution of 1921 relative to appeals from decisions of the Louisiana Public Service Commission.

In deciding that the effective date of the decision of the Court of Appeal was the day it denied the application for a rehearing and not the original date when the judgment was rendered and entered, the court, in Rimmer v. Jones Bros., supra, stated: "In the Supreme Court judgments are not signed, but rendered in open court and entered on the minutes. Such is the entry referred to in article 101. *Where an application for a rehearing has been filed, the legal effect of the judgment is suspended, and the delay of 30 days commences to run from the date on which the decree becomes a finality by the refusal of the application.*" (Italics mine.)

The above language expresses the almost universal rule of the legal effect of the timely filing of an application for a rehearing.

For the foregoing reasons, I respectfully dissent from the refusal to grant a rehearing herein.