John S. Hayes, Appellee, v. Civil Service Commission of City of Chicago et al., Appellants.

Gen. No. 45,711.

Opinion filed October 22, 1952. Rehearing denied November 14, 1952. Released for publication November 17, 1952.

JOHN J. MORTIMER, Corporation Counsel of City of Chicago, for appellants; L. LOUIS KARTON, Head of Appeals and Review Division, and ARTHUR MAGID, Assistant Corporation Counsel, both of Chicago, of counsel.

MICHAEL F. RYAN, of Chicago, for appellee; RICHARD F. MCPARTLIN, JR., of Chicago, of counsel.

MR. PRESIDING JUSTICE LEWE delivered the opinion of the court.

Plaintiff instituted an action under the provisions of the Administrative Review Act to reverse and vacate an order of the Civil Service Commission finding that plaintiff, a patrolman of the City of Chicago, was guilty of misconduct, and directing his discharge.

Plaintiff was charged before the Commission with violating the following rules:

> Rule 389, § 3—Conduct unbecoming a police officer or employee of the Police Department.
>
> Rule 389, § 11—Disobedience of orders.
>
> Rule 378 —Other business prohibited. A member of the Department shall devote his whole time and attention to his duties. He is expressly prohibited from following any other calling or occupation, or being engaged in any other business.

The specifications of the charges stated in substance that plaintiff was guilty of disobedience of orders and of operating and being engaged in a business other than his employment as a policeman, in that he owned and operated a tavern in the City of Chicago.

The material facts are substantially uncontroverted. Plaintiff and one Bratsos about December 8, 1948, executed a contract to purchase the tavern here involved from George Economon for the sum of $112,500 payable in ten years in monthly installments of $1,000 each out of the proceeds of the business. In the evening of September 27, 1950 plaintiff, while off duty, was seen by Captain Balswick, of the Chicago Police Depart-

147

ment, serving as a bartender at the tavern. Shortly thereafter plaintiff sold his one-half interest in the tavern to Bratsos. During this period of about twenty-two months when plaintiff had an interest in the tavern he was assigned to the Traffic Bureau where he acted as a traffic policeman at a busy street intersection. There was no evidence tending to show that plaintiff neglected the duties of his assignment as a policeman while he was jointly interested in the tavern with Bratsos. Plaintiff's immediate superior officer testified that plaintiff had been commended for his work while on duty at the intersection. Bratsos stated that on occasions he requested plaintiff "to stay around and help out a little" at the tavern. Plaintiff testified that he spent little time at the tavern. He admitted that he was familiar with the provisions of Rule 378 but was of the opinion that since he had not taken an active part in the operation of the tavern except on a few occasions there was no violation of the rule.

The trial court found that the finding and decision of the Commission ordering the discharge of plaintiff was against the manifest weight of the evidence and that "the record does not show that the plaintiff was guilty of violating any rule of the Chicago Police Department and the finding of the Civil Service Commission of the City of Chicago is not supported by the evidence in the record."

As grounds for reversal defendants urge: (1) That plaintiff's joint ownership of an interest in the tavern and his occasional tending of bar and serving of customers (although while off duty) was a violation of a valid rule of the Police Department and constituted sufficient legal cause for discharge; and (2) that plaintiff's financial interest in the tavern, coupled with his activities, was a violation of the Dram Shop Act constituting conduct unbecoming an officer of the Police Department.

Plaintiff says that the Civil Service Commission did not find him guilty of disobedience to orders and that the conduct unbecoming a police officer, consisting of the alleged violation of Rule 378, was not supported by the evidence. Moreover, plaintiff argues that his financial interest in a legitimate business enterprise cannot be a cause for removal. In *Joyce v. Board of Education of Chicago,* 325 Ill. App. 543, this court defined cause for removal to mean "some substantial shortcoming which rendered continuance in his office or employment in some way detrimental to the discipline and efficiency of the service and something which the law and a sound public opinion recognized as a good cause for his no longer occupying the place."

In this State the law has always looked upon the business of selling alcoholic beverages with disfavor. In *Great Atlantic & Pacific Tea Co. v. Mayor of Danville,* 367 Ill. 310, at p. 317, our Supreme Court said:

"The regulation and restriction of the right to sell alcoholic beverages is referable to the police power which has resided in the States since the beginning of the present system of government. The policy of the State has long been to consider the right to traffic therein as permissive, only."

To the same effect see *People v. Smith,* 368 Ill. 328, and *Gibbons v. Cannaven,* 393 Ill. 376. And in *Sager v. City of Silvis,* 402 Ill. 262, the court characterized the business of selling intoxicating liquors at retail as one of those occupations which while they are tolerated are recognized as being hurtful to the public morals, productive of disorder, or injurious to the public. In the recent case of *Hornstein v. Liquor Control Commission,* 412 Ill. 365, the court, adverting to *People ex rel. Fitzgerald v. Harrison,* 256 Ill. 102, said that the business of selling intoxicating liquor is attended with danger to the community, and is a recog-

nized subject for regulation by the police power of the State.

The Dram Shop Act, ch. 43, sec. 120 [par. 120, sec. 2], subsec. 14, Illinois Revised Statutes [Jones Ill. Stats. Ann. 68.027], State Bar Ass'n Ed. 1951, provides that,

"No license of any kind issued by the State Commission or any local commission shall be issued to:
. . .

"*Any law enforcing public official,* any mayor, alderman, or member of the city council or commission, any president of the village board of trustees, any member of a village board of trustees, or any president or member of a county board; and no such official shall be interested in any way, either directly or indirectly, in the manufacture, sale or distribution of alcoholic liquor." [Italics added.]

In the instant case the Civil Service Commission expressly found the plaintiff guilty of the charges lodged against him, and also found that "contrary to law and the rules and regulations of the Police Department, he was guilty of conduct unbecoming a police officer or employee of the Police Department and of operating and being engaged in a business other than that of his employment as a Policeman in and for the City of Chicago, Illinois, in that, during the time aforesaid, the respondent [plaintiff], together with another individual owned and operated a tavern."

 In its application to the facts of the present case we cannot say that Rule 378 is unreasonable and arbitrary. The undisputed evidence clearly shows that plaintiff violated this rule when he acquired an interest in the tavern here in question.

 In our view there was no necessity of a specific charge of the violation of the Dram Shop Act since the charges contained allegations of facts which

150

were sufficient to apprise plaintiff of all the matters alleged against him. The evidence showing that plaintiff was engaged in and operating a tavern contrary to the provisions of the Dram Shop Act warranted a finding that he was guilty of conduct unbecoming a police officer.

For the reasons given, the order of the Superior Court quashing the record of the proceedings before the Civil Service Commission of the City of Chicago as shown by the answer of the defendants filed in this cause and setting aside the finding and decision of the Civil Service Commission is reversed and the cause is remanded with directions to enter an order dismissing the complaint.

*Reversed and remanded with directions.*

FEINBERG and KILEY, JJ., concur.