85 So.2d 51 (1955)
229 La. 116
Jasper N. MORRISON
v.
DEPARTMENT OF HIGHWAYS, State of Louisiana.
No. 42521.
Supreme Court of Louisiana.
December 12, 1955.
Rehearing Denied January 16, 1956.
Breazeale, Sachse & Wilson, Victor A. Sachse, Baton Rouge, for appellants.
W. Crosby Pegues, Jr., Louis S. Quinn, D. Ross Bannister, Baton Rouge, for appellee, Department of Highways.
R. B. Walden, Baton Rouge, for Department of State Civil Service, amicus curiae.
MOISE, Justice.
Appellant, Jasper N. Morrison, an employee of the Highway Department, State of Louisiana, with a permanent Civil Service status, who by choice was not a member of the Louisiana State Employees' Retirement System, was removed from his position for no cause other than that he had reached the age of seventy years.
Appellant bases his appeal to this Court on the following errors of law:
(a) Age, alone, does not, in fact, constitute a disability or inability to perform many kinds of public service, including the kind performed by the Appellant, and, therefore, is not a cause for removal from public or civil service.
*52 (b) The rule making power of the Civil Service Commission does not permit it by fiat to attempt to make "cause" something which is not in fact "cause" and hence Rule 12.9(b) is invalid, illegal, discriminatory and unconstitutional.
(c) The attempt in said Rule to deny an appeal to the Commission emphasizes that the Rule is arbitrary, not related to "cause" in the true sense and is destructive of the prime purpose for incorporating the benefits of civil service in the constitution of the State.
The gravity of the situation in this case can only be appreciated from a factual picture.
The Highway Department adopted a resolution which removed Jasper N. Morrison from his employment. Morrison took an appeal to the Civil Service Commission, to which the Highway Department filed an exception of no legal right or cause of action. The Commission dismissed the exception and ordered appellant reinstated to his position. It gave as reasons for judgment those rendered in the Bloomenstiel case, Civil Service Commission Docket No. 53, reading as follows:
"The Civil Service Amendment was designed to provide a Classified Service under a general system based upon merit, efficiency, and fitness, and to that end it vested the power and authority upon this Commission to make rules, having the effect of law, regulating employment, removal and qualifications of employees in the Classified Service, and all personnel matters. (Constitution Art. XIV, Sec. 15, (A)(1) and (I) [LSA-Const.]. This grant includes the power to regulate retirement of employees if required by the public interest.
"The Commission has not adopted any rule regulating the retirement of employees in the Classified Service, and neither the Constitution nor any statute of the State fixes an age for the compulsory retirement of permanent employees in the State Classified Service who are not members of any State Retirement System. The absence of regulation by this Commission is no obstacle to the removal of an employee whose age has rendered him incapable to perform his duties efficiently.
"Despite the fact that appellant was then 73 years old, his services were declared to be satisfactory 19 days after the Board of Highways adopted its resolution approving the attempted establishment of 70 years as the age for compulsory retirement of Classified employees in the Highway Department. This circumstance and the fact that the policy referred to was held inoperative for more than one year after its approval by the Highway Board, is persuasive that it was not deemed imminently necessary for the efficient administration of the Highway Department.
"The recent case of Nichols v. National Tube Co. (decided May 13, 1954, reported [D.C.] 122 F.Supp. 726), decided by Judge Jones of the United States District Court for the Northern District of Ohio, bears an analogy to the case before us. In that case a collective bargaining contract provided that an employee could be discharged only for cause. The plaintiff's employment was terminated upon the sole ground that he had reached the age at which, according to a policy put into uniform practice by the employer, all of its employees were to be retired, regardless of their physical fitness to continue with the work they were doing at the time. The Court held that the legal and practical effect of compulsory retirement is the same as a discharge, and that no "cause" had been established upon which to base the forcible termination of plaintiff's employment.
"The appellant before us is protected by a constitutional provision which expressly provides that he shall not be demoted, dismissed, or discriminated against, except for cause (Const. Art. XIV, Sec. 15 (N) (1). We are in accord *53 with the conclusion reached by Judge Jones that age alone cannot constitute `cause' for terminating an employment, and we adhere to our previous holdings that no `cause' is shown for the termination of the employment of an employee who has acquired permanent Civil Service status where there is no proof of substantial shortcoming which renders continuance of the employee in employment in some way detrimental to the discipline or efficiency of the Civil Service Compare Hayes v. Civil Service Commission of Chicago, 348 Ill.App. 146, 108 N.E.2d 505, and State ex rel. Matson v. O'Hern, 104 Mont. 126, 65 P.2d 619."
From the Commission's judgment the Highway Department appealed to this Court, and during the pendency of that appeal the Civil Service Commission amended its Rule 12.9 by the adoption of Rule 12.9(b), which reads as follows:
"Employees in the classified service who are not members of the Louisiana State Employees' Retirement System or any other retirement system for State employees shall be separated upon attainment of the age at which employees who are members of the retirement system in effect in their department may be retired in which event they shall have no right of appeal to the Commission; provided such non-members may be continued in service beyond the regular mandatory retirement age for members if the retirement plan in effect in their department contains provisions for continuance in service of members but such continuance in service must be for reasons deemed to be in the best interest of the State service and be approved in advance by the Director of Personnel and must conform insofar as practicable to the procedure specified for continuation in service of members in the retirement plan in effect in the department."
Following the adoption of Rule 12.9(b) by the Civil Service Commission, the Highway Department dismissed its appeal to this Court and again removed appellant from his position. Appellant again appealed to the Civil Service Commission, to which the Highway Department filed an exception of no legal right or cause of action. Because of the Rule 12.9(b), now under attack, the Commission sustained the exception, and thereupon, appellant appealed to this Court.
Nowhere does the Constitutional amendment give the Civil Service Commission anything to do with retirement or retirement benefits. Another State Agency is charged with that responsibility and authority. Retirement is not dealt with in the amendment, unless by mental gymnastics we could come to construe that "removal" means "retirement". These words are not synonymous. As a matter of common sense, what would become of the Retirement System established by the LSA-Revised Statutes 42:541 if the Civil Service Commission had full power and control over the retirement of employees?
The Retirement Act specifically excludes from its scope those who electedby choice granted by the Legislaturenot to become members of the Retirement System.
If the Civil Service Commission can exercise the enterprising ambition to further extend its power, and, by its contention that "removal" means "retirement", can put under the disadvantages of the retirement system without benefits those who are not members of the system, where does its authority end?
Is the age of seventy cause for removal? The Civil Service Commission has clearly said that it is not. In the Luther Lewis, Carlock, Bloomenstiel cases, it said:
"We pointed out that the Civil Service Amendment (which makes no provision for compulsory retirement at any age) prohibits the discharge of a classified employee except for `cause', and that an employing authority could not on the basis of age alone discharge an employee who admittedly could properly perform the duties of his position."
*54 The position of the Commission is that it can make a rule which in itself constitutes cause. While it referred to its rule making power when it struck down the action of the Highway Department, we cannot see how it could adopt a rule that age alone would constitute "cause" after it had solemnly declared that "age alone cannot constitute `cause'". Such a rule then violates the Constitutionat least, it violates the construction of the Constitution made by the Civil Service Commission as late as November 22, 1954.
In Epley v. Commissioner of Internal Revenue, 5 Cir., 183 F.2d 1020, 1024, the Court struck down regulations of the Commissioner of Internal Revenue which the Court found to be "directly contrary to the spirit and letter of the statute and void".
The Court of Appeal for the First Circuit in Kramer v. State Board of Veterinary Medical Examiners, 55 So.2d 93, held squarely that the rule making powers granted to boards did not empower them to enlarge their own powers through their rule making powers.
Furthermore, in the case of Teche Lines, Inc., v. Louisiana Public Service Commission, 203 La. 604, 14 So.2d 460, we expressly held that rule making powers of the Public Service Commission did not permit it to draft any rule inconsistent with the Constitution of the State.
The constitutional provisions protect the permanent status of Civil Service employees, and the Honorable Civil Service Commission is charged with the duty and responsibility of giving that protection. We have here a misconception of the law in destruction of the law.
Therefore, this appellant, Jasper N. Morrison, having never been legally removed from service, still retains his position and is entitled to all of the emoluments therefrom from the time of removal.
For the reasons assigned, the ruling of the Civil Service Commission is reversed and set aside.
HAWTHORNE, Justice (dissenting).
It is my view that the ruling of the Civil Service Commission in this case is correct and should be affirmed.
Appellant was removed pursuant to the requirements of Rule 12.9(b), quoted in the majority opinion. This rule, which has the effect of law, the Commission had power and authority to adopt under Article 14, Section 15(I), of our state Constitution, which provides: "There is vested in the State Civil Service Commission * * * the authority and power * * * to adopt * * * and enforce rules which shall have the effect of law, regulating employment, * * * removal, qualifications, and other personnel matters * * * and employment conditions * * *, and carrying out generally in the foregoing respects, and as may be otherwise necessary to that end, the provisions and purposes of Civil Service * * *." (Italics mine.)
R.S. 42:585 requires compulsory retirement of state employees in the classified service who are members of the Louisiana State Employees' Retirement System upon attainment of age 70 This statute has no application to state employees in the classified service who are not members of this system. To place all state employees who are in the classified service in the same situation as to retirement and to provide uniform requirements as to the retirement age, the Commission adopted Rule 12.9(b). It is thus apparent that this rule is one "regulating employment" and "removal", and hence authority to adopt it is vested in the Commission by Article 14, Section 15(I), of the Constitution.
I respectfully dissent.

On Petition for Rehearing
Rehearing denied.
McCALEB, J., dissents.
HAWTHORNE, J., adheres to his dissent on the original hearing.