BOARD OF EDUCATION OF THE CITY OF JERSEY CITY, HUDSON COUNTY, NEW JERSEY, APPELLANT, v. WILLIAM CUFF, *ET AL.*, AND DEPARTMENT OF CIVIL SERVICE OF THE STATE OF NEW JERSEY, RESPONDENTS.

Argued October 22 and November 5, 1962—Decided November 19, 1962.

Mr. *John J. Witkowski* argued the cause for the appellant.

Mr. *Max A. Boxer* argued the cause for the individual respondents.

The opinion of the court was delivered by .

JACOBS, J.   The Appellate Division affirmed a decision of the Department of Civil Service which had ordered the reinstatement of 18 employees of the Jersey City Board of Education.   We granted certification on the application of the Board.   37 *N. J.* 54 (1962).

On July 1, 1959 the Board of Education adopted a resolution, effective September 1, 1959, which directed that the services of all noninstructional employees of the Board be terminated upon their reaching the age of 65 and that they be required to apply for any pension for which they may be eligible.   Thereafter it sent letters to the affected employees advising that their services were being terminated and that they should apply for any pension benefits due them.   Many of the employees appealed to the Department of Civil Service.   After a hearing, the Department entered an order which directed that the following employees be restored to their employment with back pay:

| | |
|---|---|
| James Bligh | Mary Mara |
| Bridie Brady | Winifred V. McLaughlin |
| Anna E. Bridges | Frieda Nelson |
| Thomas Chambers | Ruth Neuland |
| William Cuff | Charles Nichol |
| Harry J. Cummings | Augusta F. Pecklers |
| Victoria De La Bastide | Mae Pfohl |
| Joseph Ferrino | Jane V. Stremick |
| John Garland | Martin Sutton |

The Board then appealed to the Appellate Division which, on November 30, 1961, filed a *per curiam* affirming the order of

the Department of Civil Service on the basis of *Messano v. Bd. of Education of Jersey City*, 32 *N. J.* 561 (1960). In *Messano* it was held that the Jersey City Board of Education could not impose mandatory retirement at 65 on its secretary who was not then within any statutory pension plan embodying legislative authority for such retirement. See 32 *N. J.*, at *pp.* 565–566.

On its appeal to this court, the Board has expressly withdrawn its attack on the Appellate Division's judgment insofar as it pertains to 12 of the employees. We shall therefore affirm as to them and shall confine our attention to the remaining 6, namely, Jane V. Stremick, John Garland, Winifred V. McLaughlin, Frieda Nelson, Charles Nichol and Mae Pfohl. As to Stremick, the Board concedes that she would be in the same position as the 12 were it not for the fact that she filed an application for voluntary retirement under *N. J. S. A.* 18:5–79 which contains no provision for mandatory retirement for age. See *Messano v. Bd. of Education of Jersey City, supra*, 32 *N. J.*, at *p.* 564. But the record before us indicates that that application was filed with the clear understanding that it would in nowise prejudice her rights in the event she should prevail in the current litigation. Under the circumstances the fair and just disposition of her case would be to restore her to employment with back pay in the same manner as the other 12 employees but with direction that any pension payments received by her be returned and her voluntary retirement cancelled.[1]

We come now to the remaining 5 employees, Garland, McLaughlin, Nelson, Nichol and Pfohl. The parties have stipulated that these 5 were not members of or eligible for

---

[1] We are advised that as of February 1960, the Hudson County Board of Education Employees' Pension Fund (*R. S.* 18:5–68 *et seq.*), of which Jane V. Stremick was a member, was integrated into the Public Employees Retirement System. See *N. J. S. A.* 43:15A–1 *et seq.* That fact has no bearing on our present determination although it may render applicable the pertinent statutory provision relating to mandatory retirement at 70. See *N. J. S. A.* 43:15A–47; *Messano v. Bd. of Education of Jersey City, supra*, 32 *N. J.*, at *p.* 565.

any pension fund, were all 65 years or over at the time of the adoption of the resolution by the Board of Education, and had been in the Board's employ for 15 years or more. Unlike *Messano, supra,* 32 *N. J.,* at *p.* 565, they came within the provisions of the General Noncontributory Pension Act. *L.* 1955, *c.* 263; *N. J. S. A.* 43:8B–1 *et seq.* That act expressly allows boards of education to retire certain classes of employees (including employees who are at least 65 and have worked for at least 15 years and are not under other pension plans) upon pension which is to be fixed according to uniform percentages and is to be provided for in the budget of the employer. On April 19, 1956 the Jersey City Board of Education adopted a resolution fixing percentages and providing for prior deduction of Social Security Old Age Insurance benefits, all in accordance with the terms of the act.

In the light of the foregoing, it is clear that the Board of Education had the right to retire Garland, McLaughlin, Nelson, Nichol and Pfohl on pension as provided in the General Noncontributory Pension Act. Counsel for the individual respondents contends that the resolution of July 1, 1959 did not speak in terms of retirement and amounted to a removal or dismissal which could not be effected without prior hearing on charges. Assuming a requirement for hearing at the local level in the ordinary case of removal or dismissal on charges (*cf. N. J. S. A.* 11:22–38; *R. S.* 11:15–2; Civil Service Rule 59) it has no proper application here. There was no dispute as to the respective ages of the employees, no purpose would have been served by formal hearing, and no prejudice resulted from its omission. The Board's action was in reality a mandatory retirement for age under a uniform policy and insofar as the 5 employees in question were concerned it was a lawful retirement on pension within the terms of the pertinent pension act. The 5 employees are entitled to any pension payments which may be due under the act but are not entitled to further relief; to the extent that their reinstatement with back pay was ordered, there was error.

During oral argument, counsel notified the court that Mr. James Bligh had died while the proceedings were pending below. His estate will be entitled to such back pay as was due him until the date of his death but to no further relief. Counsel also notified the court that after the decision of the Appellate Division, the Jersey City Board of Education adopted resolutions which directed that review of that decision be sought in the Supreme Court and that in the meantime the employees be reassigned to their duties without prejudice to the Board's right to pursue its further remedies. Counsel for the Board has represented that when the employees were reassigned pursuant to the resolution they were advised that their reassignments were subject to the further legal proceedings and that their back pay was being withheld pending ultimate determination. Under the circumstances, we consider that their reassignment may not fairly have any effect on our present decision. Accordingly, the judgment of the Appellate Division with respect to Jane V. Stremick and the 12 employees is affirmed subject, however, insofar as Stremick and Bligh are concerned, to the limitations set forth earlier in this opinion; the judgment of the Appellate Division with respect to Garland, McLaughlin, Nelson, Nichol and Pfohl is reversed.

Modified. No costs.

*For modification*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.