105 N.J. Super. 168 (1969)
251 A.2d 463
GARDEN STATE PARKWAY EMPLOYEES UNION, LOCAL 196, A.F.T.E., AFL/CIO AND FRANCIS A. FORST, INTERNATIONAL REPRESENTATIVE, PLAINTIFFS-APPELLANTS,
v.
NEW JERSEY HIGHWAY AUTHORITY, GARDEN STATE PARKWAY, AND RICHARD R. O'CONNOR, TREASURER, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 17, 1969.
Decided March 21, 1969.
*169 Before Judges GOLDMANN, KOLOVSKY and CARTON.
*170 Mr. Bernard L. Greenberg argued the cause for appellants.
Mr. Theodore W. Geiser argued the cause for respondents (Messrs. Pindar, McElroy, Connell & Foley, attorneys).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
The single question here is whether the New Jersey Highway Authority, established by N.J.S.A. 27:12B-4, and which constructed, maintains and operates the Garden State Parkway under N.J.S.A. 27:12B-20, is subject to the provisions of L. 1967, c. 310, § 1 (N.J.S.A. 52:14-15.9e), which reads in pertinent part:
"Whenever any person holding employment, whose compensation is paid by this State * * * or by any board, body, agency or commission thereof shall indicate in writing to the proper disbursing officer his desire to have any deductions made from his compensation, for the purpose of paying an employee's dues to a bona fide employee organization, designated by the employee in such request, and of which said employee is a member, such disbursing officer shall make such deduction from the compensation of such person and such disbursing officer shall transmit the sum so deducted to the employee organization designated by the employee in such request."
Plaintiff is a bona fide union, and some 150 of its members, employees of the Authority, gave proper written notice to defendant O'Connor, the Authority treasurer, to deduct union dues from their wages. Their request was turned down.
Plaintiff argues that the Authority is a board, body or agency of the State, constituted as "an instrumentality exercising public and essential governmental functions," N.J.S.A. 27:12B-4, and therefore subject to the 1967 statute. We disagree. The latter statute contains no reference to independent authorities such as defendant. Although the Authority admittedly exercises public and essential governmental functions, our cases have recognized the distinction which exists between an ordinary state agency operating as an arm of the Executive Branch and the various authorities which the Legislature has created as entities independent of *171 the State. See New Jersey Turnpike Authority v. Parsons, 3 N.J. 235, 243-244 (1949), and State v. Maas & Waldstein Co., 83 N.J. Super. 211, 219 (1964).
It is to be noted that whenever the Legislature intended to include authorities within the ambit of certain legislation, it expressly so provided. See N.J.S.A. 43:15A-73 making the Public Employees Retirement System applicable to various authorities and commissions; N.J.S.A. 34:13A-3(c), part of the 1968 New Jersey Employer-Employee Relations Act (L. 1968, c. 303), which makes the act applicable to "any authority, commission, or board, or any branch or agency of the public service"; and N.J.S.A. 52:14-17.35, which includes the New Jersey Highway Authority among "employers" subject to the State Employees Health Benefits Act. Cf. Jacobs v. New Jersey State Highway Authority, 101 N.J. Super. 572 (App. Div. 1968); Kingston Bituminous Products Co. v. New Jersey Turnpike Authority, 80 N.J. Super. 25 (App. Div. 1963).
Since defendant Authority is not a state administrative agency, it does not come within the purview of R.R. 4:88-8. It is a body corporate and politic which may be sued in the trial divisions. N.J.S.A. 27:12B-5(d). Plaintiffs' action was therefore properly instituted in the Chancery Division and should not have been transferred to this court. However, in the interest of preserving judicial time, we have dealt with this matter on the merits.
The complaint is dismissed. No costs.