DIXON, Justice.
This is an appeal from a district court order granting a motion to dismiss an appeal from a Louisiana Public Service Commission order. Groendyke Transport, Inc. attempted to appeal an order of the commission dismissing its opposition to the ap-. plication of Rice Transportation Company and Robertson Tank Lines, Inc. (both ap-pellees herein) for permission to operate as common carriers. The appellees claim that the appeal was not timely filed and the order of the commission is final.
The relevant dates are:
October 22, 1973 Oral decision of the Louisiana Public Service Commission, granting the applications of Rice Transportation Company and Robertson Tank Lines, Inc.
November 2, 1973 Issuance of written orders of the Louisiana Public Service Commission, approving the applications of Rice and Robertson and signed by at least two (2) Commissioners.
November 10, 1973 Filing of applications for rehearing by Groendyke Transport, Inc. with the Louisiana Public Service Commission.
November 15, 1973 Applications for rehearing considered and denied by the Louisiana Public Service Commission.
February 4, 1974 Appeal filed by Groen-dyke with the Nineteenth Judicial District Court, appealing the orders of the Commission which granted operating authority to Rice and Robertson.
Appellees base their contention on the constitutional provision concerning the ap *342 peal of Public Service Commission orders. Article VI § 5 par. 2 of the 1921 Constitution states:
“The orders of the Commission shall be enforced by the imposition of penalties as hereinafter provided, and any party in interest may appeal from orders and decrees of the Commission to the courts by filing suit, within ninety days from the date of the Commission's order, and not thereafter, against the Commission at its domicile. All cases contesting orders of the Commission, both in the trial and appellate courts, shall be tried summarily and by preference over all cases, and may be tried either in chambers, or at term time. Appeals from decisions of the trial court shall be direct to the Supreme Court, and shall be returned within ten days after the granting of the appeal. When the Commission appeals no bond shall be required.” (Emphasis added).
This constitutional provision is clear and unequivocal. This case is determined by counting off ninety days on the calendar from date of the commission’s order. The appellant did not file his suit within the ninety day period, and, therefore, the appeal was not timely. The order of the Public Service Commission became final at the expiration of the ninety day period. The appeal must be dismissed.
Appellant contends that the above analysis is incorrect and that the commencement of the ninety day period should start the date the order becomes effective. No authority is offered in support of this argument.
Applicant contends that the constitutional provision does not specify when the appeal period commences because it does not clearly establish what is necessary to constitute an “order” of the Public Service Commission. Applicant urges that we examine Rules 43 and 44 of the Rules of Practice and Procedure of the Public Service Commission.
Rule 44 specifies the necessary form for a commission order. This form was complied with in this case on November 2, 1973. Applicant did not appeal within ninety days of this date. Applicant’s contention that the appeal period does not start until the effective date of the order is not supported by Rule 44. The order exists from the moment it is signed by the second commissioner. The rule states that a copy of the ORDER shall be served on each party although it will not be effective for a ten day period. The Constitution requires that the appeal be taken within ninety days of the order, not the effective date of the order.
Applicant also argues that confusion will result from this rule because if a rehearing is applied for under Rule 43, the application might be still pending when the ninety day period for appeal from the original order expires. Thus it is contended that parties will be forced to appeal decisions that are being reconsidered by the commission. First, it must be noted that this is not the situation in the case before us. Rehearing was denied thirteen days after the order. If a rehearing should be granted, the commission must hand down another “order or decree” which might uphold the original order or change it in some way. This order will have its own ninety day period for appeal.
.This leaves unanswered applicant’s contention that the commission may not decide whether to grant or deny the rehearing within the ninety day period, thus leaving the original order in limbo. It is a simple matter for the attorney to file the appeal in the district court to protect the rights of his client. Although this may be an inconvenience, attorneys are oftentimes required by prudence to take inconvenient and seemingly useless steps to protect the rights of their clients. Once the attorney has filed the petition in the district court, he can exercise a degree of control over its progress. If a rehearing should be granted *343 by the commission, the appeal can lie dormant until it is decided. If the rehearing’ is denied the attorney can proceed with his appeal.
In the case of Teche Lines, Inc. v. Louisiana Public Service Commission, 203 La. 604, 14 So.2d 460 (1943), this court was presented with an analogous situation. In the Teche case the commission itself attempted to extend the appeal period by enacting a rule which declared that appeals could be taken within ninety days of the denial of rehearing. This court declared the rule invalid because it violated a clear constitutional provision. The same provision is in the Constitution today. Appeals must be applied for within ninety days of the order “and not thereafter.”
For these reasons the decision of the district court dismissing the appeal is affirmed, at appellant’s cost.
SUMMERS, J., dissents for the reasons assigned.