282 N.J. Super. 430 (1995)
660 A.2d 550
ZORBA CONTRACTORS, INC., PLAINTIFF,
v.
HOUSING AUTHORITY OF THE CITY OF NEWARK, DEFENDANT-THIRD PARTY PLAINTIFF-APPELLANT,
v.
GEORGIA-PACIFIC CORPORATION, OSMOSE WOOD PRESERVING COMPANY, WOOD TREATING CORPORATION OF PHILADELPHIA, THIRD PARTY DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 7, 1994.
Decided June 29, 1995.
*432 Before Judges GAULKIN, KESTIN and A.A. RODRIGUEZ.
Joseph Hocking argued the cause for appellant.
James L. Melhuish argued the cause for respondent Osmose Wood Preserving, Inc. and Wood Treating Corporation of Philadelphia (Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski, attorneys; Michelle M. Schott, on the brief).
William S. Gyves argued the cause for respondent Georgia-Pacific Corporation (Saiber Schlesinger Satz & Goldstein, attorneys; David J. D'Aloia, on the brief).
The opinion of the court was delivered by ARIEL A. RODRIGUEZ, J.A.D.
The Law Division dismissed consumer fraud claims brought by the Housing Authority of the City of Newark (Authority), concluding that the Authority is not a "person" as defined by N.J.S.A. 56:8-1(d). We reverse and hold that the Authority is a person *433 entitled to pursue a claim under the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 to -20.
The Authority, a defendant in a multi-party case, filed a third party claim against three suppliers[1] to recover the costs of repairing or replacing defective wood-framed asphalt-shingled roofs at three housing complexes. The claims were based on the Act. The Law Division dismissed the claims, concluding that "[h]ad the Legislature intended to include organizations such as the Authority under the definition of person it would have so provided...."
By leave granted, the Authority appeals and contends that (1) the statutory language demonstrates that the Legislature intended the term "person" to be expansively construed, (2) governing law declares that the Act should be liberally construed and (3) the judge relied on case law which is distinguishable in fact and law.

I
The Act was intended to be "one of the strongest consumer protection laws in the nation." Cox v. Sears Roebuck & Co., 138 N.J. 2, 15, 647 A.2d 454 (1994) (quoting Governor's Press Release for Assembly Bill No. 2402, at 1 (Apr. 19, 1971)). It provides, among other things, that a person who suffers a loss due to an unlawful practice under the Act may sue and recover treble damages, attorney's fees and costs of suit. N.J.S.A. 56:8-19; Daaleman v. Elizabethtown Gas Co., 77 N.J. 267, 271, 390 A.2d 566 (1978). The Authority asserts that it is a person entitled to sue under the Act.
We begin our analysis by examining the statutory language. The Act provides,
The term "person" as used in this act shall include any natural person or his legal representative, partnership, corporation, company, trust, business entity or association, *434 and any agent, employee, salesman, partner, officer, director, member, stockholder, associate, trustee or cestuis que trustent thereof; ....
[N.J.S.A. 56:8-1(d).]
It is settled that a term whose statutory definition declares what it "includes" is more susceptible to an extension of meaning by construction than a term whose definition declares what a term "means." That is so because "includes" is usually a term of enlargement, not of limitation. It conveys the conclusion that there are other items includable, though not specifically enumerated. 2A Norman J. Singer, Sutherland Statutory Construction, § 47.07 (5th ed. 1992); see also Fraser v. Robin Dee Day Camp, 44 N.J. 480, 210 A.2d 208 (1965); Cuna v. Board of Fire Comm'rs, Avenel, 42 N.J. 292, 200 A.2d 313 (1964).
The Authority is a body corporate and politic organized under N.J.S.A. 40A:12A-17. It has the power to sue and be sued; make and execute contracts; make, amend and repeal by-laws, rules and regulations; invest in property and securities; borrow money; pay or compromise claims; and acquire real or personal property. N.J.S.A. 40A:12A-22. In many respects the Authority has powers similar to those of a "corporation," "company," "business entity" or "association." These entities are expressly included in the Act's definition of "person."
Next we examine the purpose of the Act, which is to discourage unlawful sales and advertising practices designed to induce consumers to purchase merchandise. In Hundred East Credit Corp. v. Eric Schuster, 212 N.J. Super. 350, 355, 515 A.2d 246 (App.Div.), certif. denied, 107 N.J. 60-61, 526 A.2d 146 (1986) we observed that,
The Act unquestionably was designed to protect consumers. Although "the strongest case for relief" is presented by "the poor, the naive and the uneducated," others can qualify as "consumers" as well. The term "consumer" is only occasionally used, and is not defined, in the Act; its generally recognized meaning is "one who uses (economic) goods, and so diminishes or destroys their utilities." That definition has been frequently used by courts in statutory interpretation.
(citations omitted).
*435 The Authority is unquestionably a consumer, purchasing merchandise with public funds for the benefit of a segment of the population. As remedial legislation, the Act must be interpreted expansively rather than narrowly, and liberally construed in favor of protecting consumers. Cox, supra, 138 N.J. at 15, 647 A.2d 454. Thus, in order to effectuate the purposes of the Act, we expansively construe its definition of the term "person" to include a public authority when acting as a consumer. The Authority is therefore not precluded from prosecuting a consumer fraud claim.

II
We agree with the Authority's contention that this construction is not contrary to existing case law. Garden State Parkway Employee's Union v. N.J. Highway Auth., 105 N.J. Super. 168, 251 A.2d 463 (App.Div. 1969) and Barry v. N.J. State Highway Auth., 245 N.J. Super. 302, 585 A.2d 420 (Ch.Div. 1990) hold that the Highway Authority is not subject to the Act. Similarly, Daaleman, supra, 77 N.J. at 273, 390 A.2d 566 holds that a claim under the Act is not cognizable against a public utility. In these instances, however, the claims were made against the authority or public utility. Here, the Authority is invoking the Act as a plaintiff thus there is no danger of interference in the Authority's affairs.
The Law Division's order dismissing the Authority's consumer fraud claims is reversed and the matter is remanded for trial.
Reversed and remanded.
NOTES
[1] Osmose Wood Preserving, Inc., Wood Treating Corp. of Philadelphia and Georgia Pacific Corp.