(No. 31327.

THE PEOPLE ex rel. Betty E. Polen, Appellee, vs. FRED K. HOEHLER, Director of Public Welfare, et al., Appellants.

*Opinion filed January 18, 1950—Rehearing denied March 20, 1950.*

IVAN A. ELLIOTT, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, JAMES C. MURRAY, A. ZOLA GROVES, and IRA W. HURLEY, all of Chicago, of counsel,) for appellants.

MICHAEL F. RYAN, of Chicago, (RICHARD F. Mc-PARTLIN, JR., of counsel,) for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

On September 2, 1947, the petitioner, Betty E. Polen, filed her petition for writ of *mandamus* in the superior court of Cook County in the name of the People against Cassius Poust, Director of the Department of Public Welfare, *et al.,* requiring that she be reinstated and reassigned as an institutional worker at the Illinois Soldiers' and Sailors' Children's School at Normal, Illinois, and for an order that she be paid her regular salary for the period she was illegally prevented from performing her duties. The defendants are the Director of the Department of Public Welfare, the Superintendent of the Illinois Soldiers' and Sailors' Children's School at Normal, the members of the Illinois State Civil Service Commission, the Auditor of Public Accounts and the Treasurer of the State of Illinois. Since the commencement of the suit Fred K. Hoehler, the present Director of the Department of Public Welfare, has been made a party, as a successor to Cassius Poust, the Director at the time the suit was started, as likewise have various of the State officers, the substitution having been brought about by the change in the administration.

The defendants answered the petition for *mandamus,* denying the allegations in part, but principally relying upon a rule adopted by the Civil Service Commission as justification for the discharge of petitioner. After a hearing before the court a writ of *mandamus* was issued on July 8, 1949, ordering that the petitioner be reinstated in her position, and reassigned to duty, and that she be paid her regular salary from July 1, 1947. The defendants appeal directly to this court because the People are a party to the litigation.

The errors assigned are: (1) That the trial court erred in holding the discharge of the petitioner was not authorized under a rule of the Civil Service Commission, and (2) that the court improperly ordered the petitioner's salary to be paid from July 1, 1947, because the biennial appropriation for 1947 expired September 30, 1949.

Betty Polen was a worker at the above-named institution, having successfully passed the civil service examinations, and was receiving a salary of $145 per month. On May 19, 1947, she was requested to attend her sister in Oklahoma because of illness, and also to attend the commencement exercises in which one of her nephews was participating as a graduate. The petitioner attempted to call the superintendent of the institution, and also her immediate superior, but was unable to get in touch with either of them because they were absent, and she then called a Mr. Minton, requesting that he inform Miss Hallam, the supervisor, that she had five days coming to her on her vacation allowance, and that she would be back on the Monday following. Minton said he would deliver the message, and she went on her trip. She had sent similar messages by the same person, which had been accepted, and she had been excused and her absence charged against her sick leave or her vacation time. She reported back to work on May 26, and was told by the superintendent that she had been "fired" because she had not notified her supervisor of her intended absence, as she was required to do by the rule.

The rule under which she was discharged is as follows: "Absence Without Permission Deemed Resignation—An employee absent from duty without leave for a period of three successive days or longer, without proper written notice to and approval by his superior officer of the reason for such absence, shall be considered to have resigned."

Application was made by the petitioner to the commission for a hearing, which was denied because it was considered petitioner had resigned by reason of said rule. A petition for rehearing was made to the Director of the Department of Public Welfare in order to afford her an opportunity to show the discharge was illegal and improper, but this was also denied. It is not claimed that the petitioner ever had a hearing of any kind. She was not able to obtain a hearing, and no notice of any kind was given

to her prior to the notice she received upon returning to work advising her that she had been discharged, and no charges of any character were made against her. The sole justification for the discharge is that her absence for more than three days, under the above rule, amounted to an automatic discharge.

The Civil Service Commission is a statutory body, and its powers and duties are regulated by statute. (Ill. Rev. Stat. 1947, chap. 24½, pars. 1 to 37.) The material parts of section 12, (par. 14,) entitled "Removals, etc.—Hearing —Review," are as follows:

"Any appointing authority may remove, discharge or demote any officer or employee in the classified civil service of the State for just cause. The term 'just cause' as herein used means any cause which is detrimental to the public service.

"An appointing authority in making a removal, discharge or demotion shall set forth the cause therefor in writing, which shall be signed by him and made in duplicate upon forms furnished by the Civil Service Commission. One copy of such statement shall forthwith be personally delivered to the employee or sent by registered mail, postage prepaid, to his last known address and the other copy filed in the office of the Commission with a notation thereon showing the method, time and place of service of the statement upon the employee.

"Any employee who has been so removed, discharged or demoted may file with the Commission, within ten days after the filing of the statement of the reasons for his removal, discharge or demotion, a statement in writing alleging that his removal, discharge or demotion was without just cause and that he believes upon a hearing he will be able to establish such a fact. Upon the filing of such an instrument, the commission shall grant a hearing within sixty (60) days. The time and place of the hearing shall be fixed by the Commission and due notice thereof given

the appointing officer and the employee. The hearing shall be conducted by the Civil Service Commission or by some officer or board appointed by it. For the purpose of such hearing each member of the Civil Service Commission or board or officer appointed by the Commission may administer oaths and secure by subpoena both the testimony of witnesses and the production of books and papers which are deemed relevant to such investigation."

Inspection discloses that the statutory provisions require that any employee in the classified civil service of the State (1) may be discharged for just cause; (2) that the appointing authority making removal, discharge or demotion shall set forth the cause in writing; (3) that one copy shall forthwith be delivered to the employee, or sent by registered mail to his last known address; (4) that any employee who has been discharged, after the filing of a statement of the reason of his removal, may file a statement with the commission stating that he is discharged, removed or demoted without just cause; and (5) that a hearing must be had upon such application within sixty days.

It has been repeatedly held that the State Civil Service Commission exercises purely statutory powers, and must find within the statute its warrant for the exercise of any authority which it claims. (*People ex rel. Baird* v. *Stevenson, 270* Ill. 569; *People ex rel. Mosby* v. *Stevenson, 272* Ill. 215.) No case is cited by appellant to the contrary. In 272 Ill. 215, the court among other things said: "Under the Civil Service act there are but two ways by which the commission may obtain jurisdiction of the question whether an employee should be discharged, one being an investigation upon its own motion and the other upon charges filed with the commission. The commission, alone, may discharge an employee under the classified civil service, and then only for cause, upon written charges and after an opportunity to be heard in his own defense is given the

party." The statute also expressly provides, as observed above, the manner in which an employee may be discharged, which is the manner provided by section 12 set out above. *People ex rel. Jacobs* v. *Coffin,* 282 Ill. 599; *Funkhouser* v. *Coffin,* 301 Ill. 257; *People* v. *Stevenson,* 270 Ill. 569.

In the *Coffin case,* 282 Ill. 599, we said: "The Civil Service law is necessarily a part of the contract of employment of every civil service employee, and such an employee can only be discharged in the manner provided by section 12 of said act." In the instant case there was no written notice of discharge setting forth the cause on forms provided by the commission, and, of course, there being no notice no copy was given the plaintiff, and no copy filed with the commission, in accordance with the statute.

After she had been discharged, at her insistence, the superintendent gave her a letter telling her she was automatically discharged, and upon her application for a hearing to show that the discharge was illegal she was refused such hearing, as the superintendent states in his letter, because of her automatic discharge under the rule. Under the clear terms of the statute the discharge was illegal, and this leads us to a consideration of whether the rule was within the power of the commission to adopt.

Appellants attempt to justify the rule under section 6 of the Civil Service Act which reads as follows: "Said commission shall make rules to carry out the purposes of this act, and for examination, appointments, transfers and removals and for maintaining and keeping records of the efficiency of officers and employees, and groups of officers and employees in accordance with the provisions of this act, and said commission may from time to time make changes in such rules." It will be noticed that the power to make rules must be "in accordance with the provisions of this act," and, as we have said in *People ex rel. Jacobs* v. *Coffin,* 282 Ill. 599, the statute is a necessary part of the contract of employment.

Section 6 of the Civil Service Act does not in itself grant authority to say what shall be a resignation that may be acted upon by the commission without notice and without appeal. It is urged by appellants that the efficiency of the public service could not be maintained without such a rule, but regardless of this argument it is necessary that a rule not contravene the express provisions of a statute. When the rule and its effect is critically examined it amounts to no more nor less than that absence for three days, without consent, conclusively operates as a discharge if the superintendent so decides. It is the equivalent to conclusive evidence that a resignation has taken place regardless of the will or inclination of the employee, which in this instance is not only contrary to the express language of the statute, but would invade the power of the judiciary to determine the legality of the discharge, since, if it operates as a resignation, without appeal or review, the courts have been deprived of the right given by statute.

Looking at the situation from a practical standpoint, it may be seen that such a rule is unreasonable and arbitrary, and gives the supervisor or the head of a department the right to violate the Civil Service Act. There are many instances in which three days' absence, without notice, might occur without the slightest indication of resignation or of improper conduct. An employee may be at a distant place, and by reason of weather, or other act of God, unable to communicate with, or to reach, his place of employment; or he may be temporarily ill, or there may be other legitimate reasons why a failure to give notice of absence would necessarily be excusable, and yet it is claimed that this rule is absolutely binding, and not to be ignored by the appointing authority or anyone else, and all recourse of the employee foreclosed. We are of the opinion that the rule is arbitrary, unreasonable and contrary to law, and that the trial court properly so held.

The error assigned by appellants, that the order requiring appellee to be paid out of the State treasury from July 1, 1947, to the date of the judgment is erroneous, must be sustained. Section 18 of article IV of the constitution provides: "Each General Assembly shall provide for all the appropriations necessary for the ordinary and contingent expenses of the government until the expiration of the first fiscal quarter after the adjournment of the next regular session; * * * and all appropriations, general or special, requiring money to be paid out of the State treasury from funds belonging to the State, shall end with such fiscal quarter."

In *People ex rel. Brinkerhoff* v. *Swigart,* 107 Ill. 494, we construed this provision as requiring that all funds to be paid out of State appropriations must be proper claims accruing during the year ending June 30, before the convening of the General Assembly, although such claims may be paid from the appropriation until the expiration of the first fiscal quarter after the adjournment of the next regular session of the General Assembly following the one at which the appropriation was made. After that date the appropriation lapses and ceases to have validity. Our language was precise and direct, *viz.,* "By a well settled construction of this provision of the constitution, all appropriations, whether general or special, when otherwise unlimited, will continue in force and be available for the purposes for which they were made until the expiration of the first fiscal quarter after the adjournment of the next regular session of the legislature, at which time all appropriations must lapse, and cease to be of any validity. [Citations.]"

This case has been quoted and followed in *People ex rel. Downs* v. *Brown,* 281 Ill. 390, and other cases, and while there are instances where it appears payment of unpaid salary after an appropriation had lapsed was ordered, the

point was not raised or passed upon. However, we know of no direct holding of this court that a salary may be paid out of a State appropriation that has lapsed under the law. As applied to the facts in this case, the order was made July 8, 1949, and consequently could not be allowed before the end of the biennial appropriation, and if allowed would have to be paid before September 30, 1949. Notice of appeal was made on July 29, 1949, and a *supersedeas* allowed on August 1, 1949. Under section 74 of the Civil Practice Act this operated as a continuation of the case. Consequently, there is no enforcible judgment against the defendants until the appeal is disposed of.

The State Treasurer and other State officers are presumed to do their duty, and to comply with the constitution, and we must consider that all of the appropriation for the biennial of 1947-1949 has lapsed, and is not only not available for payment, but could not be paid under the constitutional provision. This provision of the constitution also precludes the Auditor of Public Accounts from issuing any warrants against an appropriation that has lapsed, and he may not be compelled to issue such warrant by a writ of *mandamus*. (*People ex rel. Redman* v. *Board of Trustees,* 283 Ill. 494; *People* v. *Brown,* 281 Ill. 390.) It is unfortunate there is no provision of law requiring a sequestration or setting aside of funds with which to pay a judgment entered while an appropriation was available, so that it could not be considered as lapsed pending appeal, but, so long as there is no such provision, the petitioner must await the time such funds are made available.

It was error to issue the writ of *mandamus* to pay the salary illegally withheld, but it was proper to render a judgment that petitioner was entitled to the same.

The order of the superior court of Cook County is affirmed in all respects except that part of the order requiring the Auditor of Public Accounts to draw and issue warrants for the payment of the salary of petitioner illegally

withheld, and requiring other State officers to perform the other matters required by law before delivery of salary checks to State employees, in which respect the order of the superior court of Cook County is reversed. Neither party is to be charged with costs in this court.

*Affirmed in part and reversed in part.*