JOHN B. FAHEY, Plaintiff-Appellant, *v.* COOK COUNTY POLICE DEPARTMENT MERIT BOARD *et al.*, Defendants-Appellees.

(No. 57994;

First District (3rd Division)—July 18, 1974.

Richard F. McPartlin, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner, Charles A. Powell, and Michael Baccash, Assistant State's Attorneys, of counsel), for appellees.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

The plaintiff, John B. Fahey, a sergeant in the classified service of the Cook County Police Department, brought this action for declaratory judgment seeking a finding that a provision of the Rules and Regulations of the Cook County Police Department Merit Board, which established a mandatory retirement age of 60, was illegal, void and unconstitutional. The defendants filed a motion to dismiss, which the court allowed in a written judgment order and memorandum. The plaintiff's petition to vacate and modify the judgment order was denied. He appeals from both orders.

The sole issue presented is whether the Merit Board had authority to enact a rule providing for the compulsory retirement of members of the Cook County Police Department when they became 60 years old.

Fahey was appointed a deputy sheriff in September 1956. In 1963, when the statute creating the Police Merit Board went into effect, he achieved merit status as a patrolman. Three years later, he was promoted

to the rank of sergeant. In February 1972 he received a letter from the chief of the Cook County Sheriff's Police Department advising him that he would be retired from the department on his 63rd birthday, April 1, 1972, in accordance with article VIII of the Merit Board's rules and regulations. That rule, enacted in January 1972, provided:

"Retirement will be mandatory at age 60 except upon application approved by the Sheriff for extension of not more than one year at a time."

Fahey requested an extension of employment, but it was not granted, and in March 1972 he filed this action, alleging that article VIII was void and illegal and in conflict with the removal provisions of the governing statute (Ill. Rev. Stat. 1971, ch. 125, par. 62); that it infringed on a power reserved to the legislature, in violation of the separation-of-powers provision of the Illinois Constitution; and that because the rule permitted exceptions without stating standards for their determination, it violated the due process clauses of the Federal and State constitutions. It was further alleged that Fahey was in excellent health; that all but a year of his service had been in the criminal investigative field and that he was presently supervising sergeant in the Office of Investigative Services, and an active member of the faculty of the department's training academy; that he had an excellent record of service and had never been suspended or disciplined.

The defendants' motion to dismiss, filed on April 5, 1972, cited sections 6 and 8 of the pertinent statute (Ill. Rev. Stat. 1971, ch. 125, pars. 56, 58) as authority for the Merit Board's promulgation of article VIII. The motion stated that on April 3rd article VIII had been amended and that it now provided:

"Retirement will be mandatory at age 60 for members of the Cook County Police Department."

The defendants asserted that Fahey had no right to be retained in his employment because he was over 60 years of age. On April 24th the trial court granted the motion to dismiss. Fahey filed a petition to vacate or modify the judgment, pointing out that the Cook County Board of Commissioners had enacted an ordinance setting a compulsory retirement age of 75 for any employee employed by the county "other than independent contractors, those employees whose retirement is controlled by State statute and elected County officials." In June 1972 the court denied the petition, but amended its order of April 24th by adding the following:

"The Cook County Police Merit Board has the inherent power to fix a compulsory retirement age for deputy sheriffs and that such a regulation does not unconstitutionally invade the exclusive

power of the General Assembly to legislate granted by the Illinois Constitution of 1970, Article II, Section 1."

The Merit Board has cited no authority to support the court's reasoning. The court's memorandum referred to the dissent of two justices in *Morrison v. Department of Highways* (1955), 229 La. 116, 85 So.2d 51, and to language in *Finch v. State Department of Public Welfare* (1956), 80 Ariz. 226, 295 P.2d 846. Neither is persuasive. In *Morrison* the majority held that mere age was not just cause for removal from protected merit employment, absent some statutory authority. The dissent was prompted not by any perception of inherent powers in the department, but rather by the fact that the Louisiana Constitution vests in that State's civil service commission the broad power to adopt rules "regulating employment, * * * removal, qualifications, and other personnel matters * * *." (229 La. 116, 126, 85 So. 2d 51, 54.) In *Finch* the Arizona court asked the rhetorical question whether a statute requiring retirement at age 70 had removed the "inherent" power of the defendant agency to fix a retirement age for its employees, and concluded that it did. But the use of the word "inherent" was unsupported by authority, contrary to Arizona case law and unnecessary to the outcome of the decision. The controversy arose over a conflict between a statute which set compulsory retirement for affected employees at age 70 and an agency rule which required retirement at 65. The statute prevailed.

■■ In Arizona, as in Illinois and elsewhere, administrative agencies possess no inherent or common law powers. (*Kendall v. Malcolm* (1965), 98 Ariz. 329, 404 P.2d 414; *Oliver v. Civil Service Commission of the City of Chicago* (1967), 80 Ill.App.2d 329, 224 N.E.2d 671. See also 1 Am. Jur. 2d *Administrative Law* § 73 (1962).) The theory of inherent power was rebuffed in *People ex rel. Hurley v. Graber* (1950), 405 Ill. 331, 346, 90 N.E.2d 763:

> "The assertion that the power of the [city civil service] commission over employees of the city of Chicago is complete except to the extent the City Civil Service Act serves as a restraint upon their pervasive power is not a correct statement of the law. The commission's powers are delegated and its authority must find its source in the City Civil Service Act."

In this appeal the Merit Board has chosen not to rely on the theory of inherent power. Instead, it maintains that the statute by implication grants it the authority to fix an age for the compulsory retirement of deputy sheriffs, a contention based on inferences drawn from sections 6 and 8 of the County Police Department Act (Ill. Rev. Stat. 1971, ch. 125, pars. 56, 58):

"§ 6. Pursuant to recognized merit principles of public employment, the Board shall formulate, adopt, and put into effect rules, regulations and procedures for its operation and the transaction of its business. * * *

§ 8. The appointment of deputy sheriffs in the Police Department and of employees in the Department of Corrections shall be made from those applicants who have been certified by the Board as being qualified for appointment. * * * All persons so appointed shall, at the time of their appointment, be not less than 21 years of age, or 20 years of age and have successfully completed 2 years of law enforcement studies at an accredited college or university. * * * In addition, all persons so appointed shall be not more than the maximum age limit fixed by the Board from time to time, be of sound mind and body, be of good moral character, be citizens of the United States, have no criminal record, possess such prerequisites of training, education and experience as the Board may from time to time prescribe, and shall be required to pass successfully mental, physical, psychiatric and other tests and examinations as may be prescribed by the Board. * * *"

■■■ In Illinois, the boards and commissions regulating merit employment systems exercise purely statutory powers and must find within the governing statutes warrant for the exercise of any claimed authority. (*People ex rel. Polen v. Hoehler* (1950), 405 Ill. 322, 90 N.E.2d 729 (State Civil Service Commission); *People ex rel. Hurley v. Graber* (1950) 405 Ill. 331, 90 N.E.2d 763 (Chicago Civil Service Commission); *People ex rel. Gilbert v. Hurley* (1948), 336 Ill.App. 205, 83 N.E.2d 512 (State Civil Service Commission); see also 15 Am. Jur. 2d *Civil Service* § 8 (1964).) Administrative agencies possess only such authority as is legally conferred by express provision of law or such as, by fair implication and intendment, is incident to and included in the authority expressly conferred for the purpose of carrying out and accomplishing the objectives for which those agencies were created. (1 Am. Jur. 2d *Administrative Law* §§ 70, 72 (1962); 81 C.J.S. *States* § 66d (1953); *Essling v. St. Louis County Civil Service Comm.* (1969), 283 Minn. 425, 168 N.W.2d 663.) Thus, it has been said that such bodies cannot extend the substantive provisions of a legislative enactment nor create substantive rights through exercise of their rulemaking powers. (*People v. Kueper* (1969), 111 Ill. App.2d 42, 249 N.E.2d 335; *Madsen v. Industrial Com.* (1943), 383 Ill. 590, 50 N.E.2d 707; 1 Ill. L. & Pr. *Ad. L. & Proc.* § 24 (1953).) The restraint should apply with special force to rules enacted by civil service boards and commissions, since civil service statutes are deemed a neces-

sary part of the contract of employment of each employee covered by them. *People ex rel. Jacobs v. Coffin* (1918), 282 Ill. 599, 119 N.E. 54; *People ex rel. Polen v. Hoehler* (1950), 405 Ill. 322, 90 N.E.2d 729.

In view of these principles, we find no implied power in the Merit Board to determine a compulsory retirement age for the members of the Cook County Police Department. The authority claimed by the board is not evident on the face of the statute. To the contrary, it appears inconsistent with the express provisions of the statute and inharmonious with general principles meant to govern the board's exercise of its rulemaking power. Moreover, the suggested interpretation departs completely from customary approaches taken by Illinois civil service legislation to the question of compulsory retirement.

■■ A primary rule of statutory construction is that the court must look to the very words of the statute to ascertain the legislative intent. (*Illinois Bell Telephone Co. v. Powell* (1971), 48 Ill.2d 375, 270 N.E.2d 25.) The County Police Department Act nowhere touches upon matters of retirement. (Ill. Rev. Stat. 1971, ch. 125, par. 51 *et seq.*) Section 6 of the Act, quoted above, vests a general rulemaking power in the Merit Board and provides that it shall establish a classification of ranks. But the section is silent as to questions of removal or retirement. The only express provision in the Act which relates to removals is found in section 12, which states:

"§ 12. Except as is otherwise provided in this Act, no deputy sheriff in the County Police Department * * * shall be removed, demoted or suspended except for cause, upon written charges filed with the Board by the Sheriff and a hearing before the Board thereon upon not less than 10 days' notice at a place to be designated by the chairman thereof. At such hearing, the accused deputy sheriff shall be afforded full opportunity to be heard in his own defense and to produce proof in his own defense. * * * If the charges against an accused deputy sheriff are established by a preponderance of evidence, the Board shall make a finding of guilty and order either removal, demotion, suspension * * *, or such other disciplinary punishment as may be prescribed by the rules and regulations of the Board which, in the opinion of the members thereof, the offense merits. * * *" Ill. Rev. Stat. 1971, ch. 125, par. 62.

This passage makes clear that, absent some exception in the Act itself, the Merit Board may remove officers from service only for cause, and after observing proper procedural protections, such as written notice of charges, an evidentiary hearing before the board, and judicial review under the Administrative Review Act. Section 8, cited by the board,

expresses no relevant exception to section 12. The authority it grants the board to set a "maximum age limit" for "all persons so appointed" refers to an upper limit in the range of acceptable ages for prospective appointees. The title ("Appointment—Qualifications of Applications—Preference—Bond—Probationary Period") and language of the section make manifest its limitation to the qualifications of applicants at the time they seek an appointment and during the ensuing probationary period.

The board contends that section 12 could not have been intended to extend to persons in the position of Fahey. It theorizes that the legislature would not intend to embarrass policemen with many years of service by requiring them to defend themselves, possibly more than once, at a removal hearing; that it could not intend that a policeman be retired with the stigma which attends a finding of guilt under section 12, nor with the ill will which would result if fellow officers testified against him. But this litigation demonstrates that, for persons placed in the position of Fahey, some means of contesting an ultra vires rule is to be preferred to none at all.

Notwithstanding its denials of the applicability of section 12, the board couches parts of its argument in terms which seem by indirection to case the issue of age in the framework of that provision. Our attention is called to the special nature of police work and to the department's perceived need to maintain an image of youth and vigor before the public. The suggested inference is that attainment of some certain age is such a guarantee of incompetence that it serves as a reasonable basis for separation from service. It might be sufficient for the purposes of this case to respond that none of the procedural safeguards provided by section 12 have been observed. But that would avoid the more important consideration, since the protections of notice and a factfinding process avail little when a substantive disposition turns on an easily determined fact such as age.

Where the question has arisen, courts have uniformly concluded that age alone is not just cause for removal from protected merit employment. (*Essling v. St. Louis County Civil Service Comm.* (1969), 283 Minn. 425, 168 N.W.2d 663; *Reed v. City of Youngstown* (1962), 173 Ohio St. 265, 181 N.E.2d 700; *Morrison v. Department of Highways* (1955), 229 La. 116, 85 So. 2d 51.) Such a rule is consistent with Illinois authority on the subject of involuntary removal from merit employment. While there is no legislative definition of the term, courts have defined "cause" "to mean some substantial shortcoming which renders continuance in his office or employment in some way detrimental to the discipline and efficiency of the service and something which the law and a sound public opinion recognize as a good cause for his not longer occupying the

place." (*Cutright v. Civil Service Comm.* (1967), 90 Ill.App.2d 289, 294, 232 N.E.2d 312.) (See also *Fantozzi v. Board of Fire and Police Com'rs* (1963), 27 Ill.2d 357, 189 N.E.2d 275.) Age by itself tells nothing about these relevant matters. Its effects vary with the individual, and the importance of those effects varies with the nature of the individual's employment. Fahey himself was a supervisory investigative officer and an instructor in the department's academy. One would expect that age and experience enhanced rather than detracted from the competent performance of his duties. Nothing appears in the pleadings which contradicts that expectation.

■■■ Sections 6, 8 and 12 do not provide either direct authority or indirect justification for the Merit Board's asserted power. Not only is there neither visible warrant nor veiled intendment that the board control compulsory retirement of department employees, but also, to infer such an authority would be inconsistent with the general limiting principles of the Act. Section 6 makes plain that rules promulgated by the board must be formulated "pursuant to recognized merit principles of public employment." Such principles are few and relatively well known. Cardinal among them is that the purposes of civil service laws is to provide a method which ensures competent service for governmental bodies, free of the spoils system. To encourage their application and retention, qualified personnel are assured of tenure in their positions. (*People ex rel. Akin v. Kipley* (1897), 171 Ill. 44, 49 N.E. 229; *People ex rel. Cadell v. Board of Fire and Police Com'rs* (1952), 345 Ill.App. 415, 103 N.E.2d 666; *Hacker v. Myers* (1961), 33 Ill.App.2d 322, 179 N.E.2d 404.) Once he has qualified for a merit appointment and passed through a probationary period a civil servant's tenure lasts during good behavior and efficient service. Compulsory retirement at a fixed age runs directly counter to these principles.

That retirement policies are governed by considerations different from merit principles is ascertainable by reference to their treatment under other civil service legislation. It has been the legislature's custom to employ one of two approaches. Under the first, the relevant statute itself specifies the age for compulsory retirement of affected employees. (See Ill. Rev. Stat. 1971, ch. 24½, par. 91 (civil service in parks); Ill. Rev. Stat. 1971, ch. 108½, par. 13—132 (sanitary district employees); Ill. Rev. Stat. 1971, ch. 108½, par. 15—135 (State universities retirement system); Ill. Rev. Stat. 1971, ch. 121, par. 307.12—1 (State police).) The role of the respective merit boards or commissions is restricted under these laws to administration and in some instances to judgment on individual appeals for deferral of retirement beyond the age fixed by statute.

Under the second approach, the legislature has delegated to local cor-

porate authorities a limited power to provide for compulsory retirement. Section 10—1—18 of the Illinois Municipal Code (Ill. Rev. Stat. 1971, ch. 24, par. 10—1—18), for example, authorizes the corporate authorities of municipalities, by ordinance, to provide an age of not less than 63 as the maximum age for legal employment of policemen. Section 10—2.1—17 of the Illinois Municipal Code (Ill. Rev. Stat. 1971, ch. 24, par. 10—2.1—17) fixes a retirement age of 65 years for policemen and firemen in municipalities where division 2.1 applies, unless the corporate authorities provided by ordinance for an earlier retirement age of not less than 60 years. In each of these statutes, the section delegating the power to fix retirement age is separate from and supplemental to a provision granting general rulemaking powers to the appointed board or commission which administers the Act. (See Ill. Rev. Stat. 1971, ch. 24, par. 10—1—5; Ill. Rev. Stat. 1971, ch. 24, par. 10—2.1—5.) It also bears noting that, whatever the approach taken, where provision has been made for compulsory retirement, the word "retirement" inevitably appears in the appropriate section's title. None of the provisions of the County Police Department Act bears such a caption.

Traditional legislative policy, then, has been to specifically approach the question of compulsory retirement, and, where the decision is delegated, to pass it solely to the elected authorities of the appropriate political subdivision of the State. No instance is cited by the Merit Board, nor do we find one, where the power to fix retirement has been expressly, much less impliedly, delegated to an appointed body.

■■ The promulgation of Rule VIII of the Cook County Police Department Merit Board was beyond its power and authority and the plaintiff's cause of action should not have been dismissed. The judgment will be reversed and the cause remanded.

Reversed and remanded.

McNAMARA, P. J., and MEJDA, J., concur.