JAMES ZUREK *et al.*, Plaintiffs-Appellees, Cross-Appellants, *v.* COOK COUNTY POLICE AND CORRECTIONS MERIT BOARD *et al.*, Defendants-Appellants, Cross-Appellees.

First District (4th Division)    No. 62637

Opinion filed October 13, 1976.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner and Frederic B. Weinstein, Assistant State's Attorneys, of counsel), for appellants.

Swidler, Kanter & Mattenson, Ltd., of Chicago (David M. Mattenson, of counsel), for appellees.

Mr. JUSTICE ADESKO delivered the opinion of the court:

This is an appeal from an administrative review proceeding by the Cook County Police Department Merit Board, hereinafter called the

Board. Defendants appeal from the trial court's ruling that the Board lacked jurisdiction over the proceedings because charges were not filed against the plaintiffs within the time prescribed by the Board's rules. Plaintiffs cross appeal from the trial court's ruling that the Board's findings and decision were supported by and in conformity with the manifest weight of the evidence.

On April 24, 1974, the sheriff of Cook County suspended plaintiffs Rayford Carter and James Zurek from their jobs as deputy sheriffs of Cook County. On May 31, 1974, while the plaintiffs were still suspended, the sheriff filed formal charges with the Board, pursuant to section 12 of "An Act in relation to the Cook County Police and Corrections Merit Board" (Ill. Rev. Stat. 1973, ch. 125, par. 62), and article 2 of the Board's rules and regulations. Plaintiffs received notice of these formal charges on June 7, 1974.

Evidence adduced at the hearing revealed that Carter and Zurek were working at the county jail when an inmate refused to take a shower in violation of jail rules. Upon approaching the inmate, Carter was attacked and Zurek came to his assistance. Both the inmate and Carter were injured, the inmate suffering to a more serious extent than Carter. Both Carter and Zurek were then suspended with no formal charges being filed against them until May 31, 1974. The Board found the evidence to support the discharge of Zurek and the suspension of Carter for 6 months, commencing on April 24, 1974. The trial court subsequently found that the Board lacked jurisdiction over the controversy because formal charges were not filed by the sheriff within 30 days of the commencement of suspension. The court further found that the Board's ruling was not contrary to the manifest weight of the evidence. This appeal and cross-appeal followed.

■■ Defendants contend that the trial court has misconstrued the Board's rules by barring the Board from seeking further disciplinary action against employees unless charges are filed within the initial 30-day period of suspension. They look to the Board's interpretation of its own rules in asserting that absent a statement that "no complaints may be brought after the initial 30-day suspension" or "all charges must be commenced within 30 days of suspension" the sheriff can file formal charges with the Board at any time.

Plaintiffs rely on *Muscare v. Quinn* (7th Cir. 1975), 520 F.2d 1212, *cert. dismissed*, ___ U.S. ___, 48 L. Ed. 2d 165, ___ S. Ct. ___, in asserting that they were denied constitutional due process protection when they were summarily suspended without a presuspension hearing. Defendants look to *Kropel v. Conlisk* (1975), 60 Ill. 2d 17, 322 N.E.2d 793, in contending that the Act's post-suspension review provisions are adequate to meet constitutional due process requirements. Were this court to consider the

constitutional due process question, we believe *Kropel* would control our decision. "Decisions of Federal Courts other than the United States Supreme Court decisions are not binding on the courts of this state." (*People v. West* (1971), 3 Ill. App. 3d 106, 116, 278 N.E.2d 233, 240.) Plaintiffs do not, however, question the 30-day suspensions given them in the instant case. Rather they contest Carter's 6-month suspension and Zurek's discharge. We therefore look to the due process afforded plaintiffs through the statute (Ill. Rev. Stat. 1973, ch. 125, par. 61, 62).

An administrative body, such as the Board exercises purely statutory powers and must find within its enabling statute the authority to exercise the power it claims. (*Fahey v. Cook County Police Department Merit Board* (1974), 21 Ill. App. 3d 579, 315 N.E.2d 573.) In *Fahey* this court stated at pages 583, 584:

> "Administrative agencies possess only such authority as is legally conferred by express provision of law or such as, by fair implication and intendment, is incident to and included in the authority expressly conferred for the purpose of carrying out and accomplishing the objectives for which those agencies were created. (1 Am. Jur. 2d Administrative Law §§70, 72 (1962); 81 C.J.S. States §66d (1953); *Essling v. St. Louis County Civil Service Comm.* (1969), 283 Minn. 425, 168 N.W.2d 663.) Thus, it has been said that such bodies cannot extend the substantive provisions of a legislative enactment nor create substantive rights through exercise of their rulemaking powers. (*People v. Kueper* (1969), 111 Ill. App. 2d 42, 249 N.E.2d 335; *Madsen v. Industrial Com.* (1943), 383 Ill. 590, 50 N.E.2d 707; 1 Ill. L. & Pr. Ad. L. & Proc. §24 (1953).) The restraint should apply with special force to rules enacted by civil service boards and commissions, since civil service statutes are deemed a necessary part of the contract of employment of each employee covered by them. *People ex rel. Jacobs v. Coffin* (1918), 282 Ill. 599, 119 N.E. 54; *People ex rel. Polen v. Hoehler* (1950), 405 Ill. 322, 90 N.E.2d 729."

Recent cases emanating from this court have construed section 11 of the Personnel Code (Ill. Rev. Stat. 1973, ch. 127, par. 63b111) to require a mandatory construction for the 30-day period prescribed therein. (*Jackson v. Civil Service Com.* (1976), 41 Ill. App. 3d 87, 353 N.E.2d 31; *Stevens v. Department of Law Enforcement* (1974), 19 Ill. App. 3d 24, 311 N.E.2d 312; *McReynolds v. Civil Service Com.* (1974), 18 Ill. App. 3d 1062, 311 N.E.2d 308.) These cases all found that the Civil Service Commission lost jurisdiction when it failed to hold a hearing within 30 days after the date notice was received from the plaintiff requesting a hearing. The 30-day time limitation thus insures fairness to the employee while it also prevents him from suffering monetary injury.

The sheriff's disciplinary authority is derived from sections 11 and 12 of "An Act in relation to the Cook County Police and Corrections Merit Board" (Ill. Rev. Stat. 1973, ch. 125, pars. 61, 62) and is amplified by the Board's rules. Section 11 allows for "Suspension of any deputy sheriff in the County Police Department * * * for a reasonable period, not exceeding 30 days, without complying with the provisions of Section 12 hereof." Section 12 provides in pertinent part: "Except as is otherwise provided in this Act, no deputy sheriff in the County Police Department * * * shall be removed, demoted or suspended except for cause, upon written charges filed with the Board by the Sheriff and a hearing before the Board thereon upon not less than 10 days' notice at a place to be designated by the Chairman thereof * * *." Article 2 of the Board's rules and regulations provides for the suspension by the sheriff of "any employee of the Cook County Police Department * * * for a period in addition to the above limit of 30 days, provided charges against that employee have been filed with the Board during the original period of suspension." The Board amended article 2 on December 1, 1975, to provide: "Nothing herein shall be considered a limitation on the Sheriff in filing charges against any police officer of the Cook County Police Department of Corrections for infractions of these Rules and Regulations."

■■ Section 12 of the Act confers upon the Board the authority, absent some exception in the Act itself, to remove deputy sheriffs from service only for cause, and after observing proper procedural protections, such as written notice of charges, an evidentiary hearing before the Board, and judicial review under the Administrative Review Act. (*Fahey v. Cook County Police Department Merit Board* (1974), 21 Ill. App. 3d 579, 315 N.E.2d 573.) Though the Board amended its disciplinary procedures to extend its time for filing charges beyond any 30-day limitation, we fail to see any such authority conferred upon the Board by its enabling act. The court must look to the very words of the statute to determine legislative intent. (*Illinois Bell Telephone Co. v. Powell* (1971), 48 Ill. 2d 375, 270 N.E.2d 25.) Moreover, the words found will be given their ordinary and usual meaning. (*La Salle National Bank v. Village of Burr Ridge* (1967), 81 Ill. App. 2d 209, 225 N.E.2d 33.) Section 11 affords the sheriff unilateral authority to suspend a deputy sheriff for a period not to exceed 30 days without meeting the requirements of section 12. Section 12 sets forth procedural safeguards to provide for notice and hearing in situations not provided for in section 11. The Board's own rules and regulations permitted a suspension of a deputy sheriff for a period beyond the 30-day limit "provided charges against that employee have been filed with the Board during the original period of suspension." We believe that sections 11 and 12 of the statute taken as a whole require that notice of a hearing

be given the deputy sheriff within the initial 30 days for suspensions beyond 30 days or for dismissals. Plaintiffs in the case before us were not afforded such notice. Therefore, the Board lacked jurisdiction and authority to suspend Carter for 6 months and to discharge Zurek. In view of our finding that the Board lacked jurisdiction over the plaintiffs, we do not find it necessary to render an opinion as to the trial court's ruling that the Board's findings and decision were supported by the manifest weight of the evidence.

Defendants further argue that the trial court erred in denying their motion to dismiss for plaintiffs' failure to pay for a transcript of the record. An administrative body may exercise only the powers granted to it by statute. (*Fahey v. Cook County Police Department Merit Board* (1974), 21 Ill. App. 3d 579, 315 N.E.2d 573.) The Board in our case claims authority to assess costs to plaintiffs requesting a transcript. Section 6 of the Act (Ill. Rev. Stat. 1973, ch. 125, par. 56) provides: "Pursuant to recognized merit principles of public employment, the Board shall formulate, adopt, and put into effect rules, regulations, and procedures for its operation and the transaction of its business * * *." We see nothing in the Act to give the Board the power to require the plaintiffs in review to pay the agency the costs of preparing and certifying the record of proceedings. (See *Champaign County Board of Review v. Property Tax Appeal Board* (1975), 30 Ill. App. 3d 29, 331 N.E.2d 333.) The Board's rules and regulations provide: "The record of hearings will not be transcribed by the Court Reporter unless requested by the Board or any party interested in the hearing. The cost of the transcription shall be borne by the person requesting it." Moreover, section 9 of the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 272(b)) provides: "Except as herein otherwise provided, the administrative agency shall file an answer which shall consist of the original or a certified copy of the entire record of proceedings under review, including such evidence as may have been heard by it and the findings and decisions made by it * * *."

■■ While section 10 of the Administrative Review Act allows an enabling statute to require plaintiff in review to assume the cost of preparing the record, we see no such requirement in the instant case. Section 6 of the enabling act (Ill. Rev. Stat. 1973, ch. 125, par. 56) is not an exception "as herein otherwise provided" referred to in section 9 of the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 272(b)). We interpret section 6 of the enabling act and the Board's own rules and regulations on the cost for the transcription of a record to mean that the Board may only assess costs incurred in proceedings before it and not costs incurred in an administrative review proceeding. Section 10 of the Administrative Review Act is thus inapplicable and the trial court was correct in denying defendants' motion to dismiss.

Accordingly, the decision of the circuit court setting aside the ruling of the Cook County Police and Corrections Merit Board is affirmed.

Judgment affirmed.

JOHNSON, P. J., and DIERINGER, J., concur.