NOTICE
Decision filed 11/12/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 190454-U

NO. 5-19-0454

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| JERRY DeVORE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Marion County. |
| | ) | |
| v. | ) | No. 14-MR-172 |
| | ) | |
| RICHARD STEVENSON, in His Official Capacity as the | ) | |
| Sheriff of Marion County, | ) | Honorable |
| | ) | Bradley T. Paisley, |
| Defendant-Appellant. | ) | Judge, presiding, |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Cates and Wharton concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court's order denying defendant's motion for summary judgment is reversed where defendant established that he had no statutory duty to reinstate plaintiff to his former position. We also vacate the court's subsequent order granting summary judgment in favor of plaintiff, denying defendant's motion to reconsider, and directing defendant to act through a writ of *mandamus.*

¶ 2    This appeal arises from the Marion County circuit court's Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) determination granting summary judgment in favor of appellee, Jerry DeVore, and issuing a writ of *mandamus* ordering appellant, Richard Stevenson, to reinstate DeVore to his previous position as a patrol sergeant of the Marion County Sheriff's Office. Stevenson argues on appeal that the circuit court, in denying his motion to dismiss and motion for summary judgment and in granting DeVore's motion for summary judgment, erred in the following respects: (1) in issuing a writ of *mandamus* where DeVore had no clear right to relief

1

and Stevenson had no clear duty to act; (2) in determining that the leave of absence provision under article VI, section A of the Marion County Merit Commission's (MCMC) Rules and Regulations (MCMC Regulations) was invalid because it violated the Local Governmental Employees Political Rights Act (Political Rights Act) (50 ILCS 135/10 (eff. Sept. 10, 1991)), but then finding that the reinstatement provision under article VI, section C of the MCMC Regulations was enforceable; and (3) in ruling that the MCMC had statutory authority to enforce article VI, section C of the MCMC Regulations.

¶ 3                                    I. Background

¶ 4      The following factual recitation is limited to those facts essential to the resolution of this appeal. We begin with the history and sequence of events that led to the litigation at issue. On October 10, 1997, DeVore was hired as a deputy by Sheriff Gerald Benjamin. In 2006, DeVore was promoted to the rank of patrol sergeant by Sheriff Brad Wolenhaupt. In 2008, Sheriff Wolenhaupt vacated the Marion County Sheriff's Office before the expiration of his term. Todd Garden was appointed as acting sheriff to serve in Wolenhaupt's vacancy until the November 2008 special election. In November 2008, DeVore was elected sheriff of Marion County. On or around November 21, 2008, Garden calculated DeVore's "final pay" of all accrued sick leave as a patrol sergeant. Following approval by the Marion County Board, DeVore received a final paycheck for $33,093.16 on December 9, 2008.

¶ 5      On December 1, 2008, DeVore was sworn in as sheriff. At that point, DeVore was no longer working as a patrol sergeant. DeVore never requested a leave of absence from his prior rank at any time before he was sworn in as sheriff. Two years after the November 2008 special election, DeVore was reelected as sheriff to serve a four-year term from December 1, 2010, to November 30, 2014. DeVore then ran for reelection for an additional term from December 1, 2014, to

November 30, 2018; however, Stevenson won the election. Sheriff Stevenson was sworn in on December 1, 2014, to serve a four-year term from December 1, 2014, to November 30, 2018. Following the election results in 2014, DeVore, who was still acting sheriff at the time, informed Stevenson in writing of his desire to continue his employment in his prior rank as a patrol sergeant with the Marion County Sheriff's Office. Stevenson denied DeVore's request.

¶ 6    On December 29, 2014, DeVore filed a verified complaint for *mandamus* requesting the circuit court direct Stevenson to reinstate DeVore to his prior rank with pay retroactive to December 1, 2014. DeVore alleged that Stevenson "refused" to reinstate him, even though DeVore was entitled to reinstatement following the end of his elected term as sheriff. DeVore also claimed Stevenson had a clear duty to reinstate DeVore, pursuant to article IV, section C of the MCMC Regulations (reinstatement provision), which states that " '[a]ny tenured personnel running for Sheriff, if elected or appointed, will retain his tenured position on completion of his elective office.' " Furthermore, DeVore denied that he was terminated or that he had resigned from his prior rank.

¶ 7    On January 22, 2015, Stevenson, in his official capacity as sheriff of Marion County, filed a motion to dismiss DeVore's verified complaint pursuant to section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2012)). Stevenson argued that the MCMC was without statutory authority to impose or enforce the reinstatement provision where the Sheriff's Merit System Law (Merit System Law) (55 ILCS 5/3-8001 *et seq.* (West 2012)) did not expressly provide the MCMC with statutory authority to enact or enforce a reinstatement provision. Rather, Stevenson asserted that the reinstatement provision conflicted with section 3-8010 of the Merit System Law (55 ILCS 5/3-8010 (West 2012)), which provides the MCMC with statutory authority only to "certify candidates for open positions, or for promotion." Moreover, he argued that "the

3

Sheriff alone has the ultimate authority to make the decision to hire or promote the applicant." Alternatively, Stevenson argued that if the circuit court granted DeVore's request for relief, Stevenson would be forced to either create a position for DeVore without budget approval, or terminate the employment of a current patrol sergeant, which he was unable to do without a showing of cause for termination under union contract rules. Lastly, because the case at issue was not before the court as an administrative appeal from an order of the MCMC, Stevenson asserted that DeVore lacked standing to bring the *mandamus* action.

¶ 8 On May 6, 2015, in response to Stevenson's motion to dismiss, DeVore argued that the MCMC had authority to promulgate the reinstatement provision under section 3-8009 of the Merit System Law (55 ILCS 5/3-8009 (West 2012)). Additionally, DeVore asserted that he had a real interest in the controversy at hand because he was entitled to reinstatement to his prior rank following the completion of his term as sheriff, per the reinstatement provision.

¶ 9 On August 11, 2015, the circuit court held a hearing on Stevenson's motion to dismiss. Following argument, the court took the matter under advisement. On October 22, 2015, the court entered a written order denying Stevenson's motion to dismiss. The court determined that the reinstatement provision furthered the purpose of the Merit System Law by providing qualified employees the opportunity to run for sheriff without losing tenure. Additionally, the court determined that the reinstatement provision was "incidental to the purposes of the MCMC to certify employees for promotion and to deal with the discipline and discharge of an employee." Accordingly, because the reinstatement provision "devolves 'by fair implication and intendment from the express provisions of the' Sheriff Merit System Law," the court concluded that "the MCMC had the authority to enact and enforce it." Accordingly, Stevenson was ordered to answer or otherwise respond to DeVore's complaint within 30 days.

¶ 10    On November 10, 2015, Stevenson filed a timely answer to DeVore's verified complaint for *mandamus*. Stevenson denied that DeVore had a clear right or that Stevenson had a clear duty to reinstate DeVore to his prior position under the reinstatement provision. Additionally, Stevenson denied having "refused" to reinstate DeVore because "there is no current open position in the rank of Sergeant in the Marion County Sheriff's Department." Moreover, Stevenson asserted that the facts demonstrated that DeVore had been lawfully terminated or resigned from his employment as a patrol sergeant.

¶ 11    On December 2, 2015, DeVore, in response to Stevenson's answer, argued that Stevenson had raised a meritless affirmative defense in claiming that "there is no current open position in the rank of Sergeant in the Marion County Sheriff's Department." DeVore argued against this statement claiming that, under article 14 of the collective bargaining agreement (CBA) between Marion County, the Sheriff of Marion County, and the Illinois Fraternal Order of Police, Labor Council, Lodge No. 227, the layoff was deemed necessary because he had more seniority than the current patrol sergeant.

¶ 12    On August 25, 2016, Stevenson filed a first amended answer adding a first and second defense. Under Stevenson's first purported defense, he claimed DeVore had no clear right to reinstatement because DeVore did not request a leave of absence, as required under the leave of absence provision, when he ran for an elected office. According to Stevenson, the facts demonstrated that DeVore resigned from his position when he failed to request a leave of absence before running for sheriff and also "cashed in" all of his sick leave, vacation, and compensatory hours for his position as a patrol sergeant, which was allowed at the time of termination under article 17, section 17.5 of the CBA. Under Stevenson's second purported defense, he claimed that the MCMC lacked statutory authority to enforce the reinstatement provision because the provision

did not relate to certifying candidates for open positions or promotion. Accordingly, Stevenson argued that the reinstatement provision was ineffective and unenforceable.

¶ 13    On September 2, 2016, in response to Stevenson's first amended answer, DeVore argued that the Political Rights Act invalidated Stevenson's first defense. Additionally, DeVore asserted that receiving accrued sick leave, vacation, and compensatory hours was not evidence that DeVore had terminated his employment. Furthermore, because this paycheck was issued on December 9, 2008, after DeVore had been sworn in as sheriff, he argued that he was no longer covered by the CBA. With regard to Stevenson's second defense, DeVore argued, with reliance on *Fahey v. Cook County Police Department Merit Board*, 21 Ill. App. 3d 579, 585 (1974), that he was entitled to reinstatement and tenure in his position, given his years of employment, good behavior, and efficient service with the Marion County Sheriff's Office.

¶ 14    On March 1, 2017, DeVore testified to the following in a discovery deposition. Upon DeVore taking office as sheriff of Marion County, he promoted an individual to fill his role as a patrol sergeant. DeVore admitted that he did not inform this individual that the appointment was limited in any way. In fact, at the time he was elected to serve as sheriff in 2008, DeVore, to his knowledge, did not believe he could return to his position as a patrol sergeant. The following colloquy took place between counsel for Stevenson and DeVore:

"Q. So, is it fair to say that at the time you ran for sheriff [in 2008], you understood that you were taking some risk, that if you didn't remain sheriff, that you may not have a job waiting for you on the other side? If you lost an election, you wouldn't have your patrol sergeant position waiting for you?

A. At that time, I understood that was the case, yes.

\* \* \*

6

Q. Now, *** you testified earlier that you accepted a sick leave payout at the time you were elected sheriff, right?

A. Yeah. A check was issued, yes. I cashed it.

Q. Now, were you aware that the Collective Bargaining Agreement only permitted that check to be issued, only allowed you to cash in sick leave upon termination of employment?

A. I was not aware of that.

* * *

Q. When you received this payment, did you understand that this was the last amount of money that the County owed you for serving as patrol sergeant?

A. Yes."

Following the election results in 2014, DeVore became aware of the language in the reinstatement provision that allows "[a]ny tenured personnel running for sheriff, if elected or appointed, will retain his tenured position on completion of his elected office." After reading the provision, DeVore determined that he "ha[d] the right to go back, and that's kind of what [he] hung [his] hat on," so he requested Sheriff Stevenson to reinstate him. Sheriff Stevenson, however, declined DeVore's request for reinstatement.

¶ 15    On January 5, 2018, Stevenson filed a combined motion for summary judgment and supporting memorandum. Stevenson asserted that the MCMC Regulations "preserve[d] a right to reinstatement only for sheriffs who follow the Rules by requesting a leave of absence, rather than resigning their tenured position." Accordingly, because DeVore resigned from his position as a patrol sergeant, Stevenson was entitled to summary judgment as a matter of law. In support, Stevenson asserted that DeVore did not request a leave of absence and accepted "final payout" of

7

accrued sick leave. Additionally, Stevenson asserted that the leave of absence provision did not violate the Political Rights Act because DeVore's political rights were not inhibited or impaired when DeVore decided to seek office.

¶ 16    On May 10, 2018, DeVore filed a response to Stevenson's combined motion for summary judgment and supporting memorandum, requesting that the circuit court deny Stevenson's motion. DeVore argued that he was not required to take a leave of absence for reinstatement eligibility. Specifically, DeVore contended that the leave of absence provision violated the Political Rights Act where it required a tenured employee to take an unpaid leave of absence while running or serving as sheriff. Specifically, section 10(a) of the Political Rights Act states:

> "Political rights protected. (a) No unit of local government or school district may make or enforce any rule or ordinance that in any way inhibits or prohibits any of its employees from exercising the employee's political rights." 50 ILCS 135/10(a) (eff. Sept. 10, 1991).

Accordingly, DeVore argued that the leave of absence provision inhibited or prohibited him from exercising his political rights, which includes, pursuant to section 5 of the Political Rights Act, "to seek public office." See 50 ILCS 135/5 (eff. Sept. 10, 1991) (" 'Political rights' include, without limitation, the following political activities: to petition, to make public speeches, to campaign for or against political candidates, to speak out on questions of public policy, to distribute political literature, to make campaign contributions, and to seek public office.").

¶ 17    Additionally, DeVore claimed that the provision did not require a leave of absence for "requested military or governmental service," thus, the leave of absence provision was invalid in this instance because DeVore, as sheriff, was partaking in government service. Regardless, DeVore argued that the leave of absence provision was invalid because the reinstatement provision allowed DeVore to return to his tenured position once he had completed his term as sheriff. Again,

8

DeVore denied that he had resigned from his prior position when he accepted a final paycheck on December 9, 2008.

¶ 18    Following a hearing on June 14, 2018, the circuit court took the matter under advisement. The court entered an order denying Stevenson's motion for summary judgment on August 6, 2018. In interpreting the leave of absence provision, the court stated the following:

> "This rule requires any tenured officer running for office to first take an *unpaid* leave of absence while running for office and during the term of any elected office. The language in the MCMC Regulations are [*sic*] clear and unambiguously required Plaintiff to seek a leave of absence. He did not do so." (Emphasis in original.)

The court determined, however, that the leave of absence provision violated DeVore's political rights protected under the Political Rights Act. The court, relying on an opinion of the Illinois Attorney General (1997 Ill. Att'y Gen. Op. No. 97-023, 1997 WL 755340), reasoned that the MCMC Regulations were invalid because the leave of absence provision had the effect of inhibiting an employee from *running* for elected office. Accordingly, after invalidating the leave of absence provision, the court determined that the reinstatement provision was valid and enforceable, and DeVore was entitled to reinstatement as a patrol sergeant.

¶ 19    On August 30, 2018, in the interest of judicial economy and considering the circuit court's denial of Stevenson's motion for summary judgment, DeVore filed a motion for summary judgment asserting that no material facts were in dispute.

¶ 20    On September 19, 2018, Stevenson filed a response in opposition to DeVore's motion for summary judgment and a motion to reconsider the circuit court's August 6, 2018, order. In arguing that the circuit court erred in denying Stevenson's motion for summary judgment, Stevenson argued that: (1) requiring an employee to take a leave of absence while serving an elected office

9

was not a violation of the employee's political rights; (2) the court erred by invalidating the leave of absence provision but upholding and enforcing the reinstatement provision within the same article; (3) assuming the court properly declared the leave of absence provision invalid, a writ of *mandamus* was not an appropriate remedy, given Stevenson had no clear duty; and (4) DeVore's failure to request a leave of absence and his acceptance of a final payout of accrued leave acted as a resignation from his prior rank as a patrol sergeant.

¶ 21    On February 12, 2019, the circuit court entered an order granting DeVore's motion for summary judgment and denying Stevenson's motion to reconsider "[f]or the reasons stated in the C[o]urt's prior order [August 6, 2018] and the pleadings filed by Plaintiff."[1]

¶ 22    On March 21, 2019, the parties participated in a conference call before the circuit court. During the conference call, Stevenson made an oral motion for the court to issue an Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) finding as to liability, given that the issue of damages remained pending. The court took the matter under advisement, and by agreement, DeVore was granted leave to file a memorandum in opposition to Stevenson's oral motion by March 29, 2019.

¶ 23    On March 29, 2019, DeVore filed an objection to Stevenson's request for a Rule 304(a) finding. DeVore argued that the circuit court's February 12, 2019, order was not a final judgment because it did not dispose of all issues, specifically, damages, which included pre- and post-judgment interest. Accordingly, DeVore asked the court "**NOT** to make an express finding that *** 'there is no just reason for delaying either enforcement or appeal or both' and to hold a hearing as to the proper damages (including pre and post interest) due Plaintiff." (Emphasis in original.) Additionally, DeVore contended that a piecemeal appeal would be unfair to him.

---

[1]The court's order is contained in a docket entry in the common law record on appeal.

¶ 24    On April 10, 2019, Stevenson withdrew his oral motion for a Rule 304(a) determination. Instead, Stevenson requested the circuit court grant him time for discovery as it related to DeVore's claim for damages.

¶ 25    On September 19, 2019, counsel for DeVore filed a motion for entry of a final and appealable order accompanied by a memorandum in support. Provided that unresolved collective bargaining negotiations prevented DeVore and Stevenson from finalizing DeVore's salary and fringe benefits, the parties agreed to the entry of a final and appealable order.

¶ 26    On October 15, 2019, the matter came before the circuit court on DeVore's motion for entry of a final and appealable order. Following a hearing, the court entered an agreed order for a Rule 304(a) finding. Specifically, the court noted that the August 6, 2018, and February 12, 2019, orders granted DeVore's request for a writ of *mandamus* directing Sheriff Stevenson to reinstate DeVore to his prior rank as a patrol sergeant. Because the court was unable to resolve the collateral issues of back pay and mitigation due to pending negotiations outside the court's control, the court determined that there was no just reason to delay either enforcement or appeal, or both, of its writ of *mandamus*.

¶ 27    On November 1, 2019, Stevenson filed a timely notice of appeal, staying the circuit court's writ of *mandamus*.[2] Stevenson appealed the circuit court's August 6, 2018, order denying Stevenson's motion for summary judgment, and February 12, 2019, order granting DeVore's motion for summary judgment and denying Stevenson's motion to reconsider. According to Stevenson, because the court's October 15, 2019, order made the August 6, 2018, and February 12, 2019, orders final and appealable, he requested this court reverse the circuit court's August 6,

---

[2]Per the circuit court's October 15, 2019, agreed order, if Stevenson timely filed an appeal, the court "will stay enforcement of the Writ of *Mandamus* ordering reinstatement and the collateral issues of back pay less mitigation until the resolution of the appeal."

11

2018, and February 12, 2019, orders and enter an order denying DeVore's writ of *mandamus* for reinstatement.

¶ 28    On January 6, 2020, Stevenson filed a motion for leave to file a first amended notice of appeal to permit him to "file an amended notice of appeal that explicitly challenges an October [22], 2015[,] ruling on his motion to dismiss."[3] This court denied Stevenson's motion on January 28, 2020.

¶ 29                                    II. Analysis

¶ 30    The parties first dispute whether this court has jurisdiction to consider the circuit court's October 22, 2015, order denying Stevenson's January 22, 2015, motion to dismiss. DeVore argues that this court lacks jurisdiction because neither the circuit court's October 15, 2019, agreed order nor Stevenson's notice of appeal reference the court's October 22, 2015, denial order. However, we need not address this issue because we find the court erred in denying Stevenson's motion for summary judgment, which is dispositive of this appeal.

¶ 31    The main issue in this appeal is whether DeVore is entitled to reinstatement as a matter of law. On January 5, 2018, Stevenson filed a combined motion for summary judgment and supporting memorandum. Stevenson asserted that the MCMC Regulations "preserve[d] a right to reinstatement only for sheriffs who follow the Rules by requesting a leave of absence, rather than resigning their tenured position." According to Stevenson, the facts demonstrated that DeVore had resigned from his position as a patrol sergeant when he failed to request a leave of absence and accepted a final payout of all accrued sick leave from his position as a patrol sergeant. Thus,

---

[3]Stevenson incorrectly states several times in his motion for leave to file a first amended notice of appeal that the circuit court denied his motion to dismiss on October 15, 2015. The correct date is October 22, 2015, as Stevenson correctly references in paragraph 4 of his January 6, 2020, motion.

Stevenson asserted that he was entitled to summary judgment as a matter of law where DeVore could not show a right to reinstatement. We agree with Stevenson.

¶ 32    Summary judgment is appropriate if the pleadings, depositions, admissions, and affidavits on file establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2018); *Coleman v. East Joliet Fire Protection District*, 2016 IL 117952, ¶ 20. When determining whether a genuine issue of material fact exists, we must construe the pleadings, depositions, admissions, and affidavits strictly against the movant and liberally in favor of the opponent. *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 43 (2004). A circuit court's order granting summary judgment is reviewed *de novo. Cohen v. Chicago Park District*, 2017 IL 121800, ¶ 17.

¶ 33    Here, in denying Stevenson's motion for summary judgment on August 6, 2018, the circuit court determined that the leave of absence provision was invalid because it violated the Political Rights Act. We find this was error. Article VI of the MCMC Regulations details the rules and requirements associated with leaves of absence, resignations, and reinstatements for employees of the Marion County Sheriff's Department. Article VI, section A, titled "OTHER PERSONNEL TRANSACTIONS," of the MCMC Regulations states the following as it relates to leaves of absence:

> "A. LEAVES OF ABSENCE. Leaves of absence without pay may be granted to any member of the Sheriff's Department covered by the merit system irrespective of rank. Such leave may be granted whether the officer has or has not completed his probationary period.
>
> All leaves of absence, except for requested military and government service, shall be for one year or less, with the privilege of requesting a new leave at the expiration of the

13

first. Leaves of absence shall be granted by the Sheriff with the approval of the Commission. ***

No tenured officer shall be prevented from running for elected office. Any tenured officer in the department wishing to run for elected office which would change his present position or job within the department shall ask for a leave of absence for that purpose and such leave of absence shall be granted by the merit board. No tenured officer shall actively run for any political office which would change his present position or job within the department except during such period of leave of absence.

The Sheriff and the Commission are the sole judges of the appropriateness of the reasons and purposes for which leave is requested and they alone shall establish the conditions for approval of such a request."

¶ 34    Article VI, sections B, the resignation provision, and C, the reinstatement provision, of the MCMC Regulations state the following:

"B. RESIGNATION. Any member covered by the merit system who resigns from the Sheriff's Department for any reason will not be reinstated except upon the approval of both the Sheriff and the Merit Commission, and then under rules of reinstatement below.

C. REINSTATEMENT. Should a former member desire to again affiliate himself under the merit system with the Sheriff's Department, he must once again meet the basic requirements for appointment to the Sheriff's Department and successfully complete the screening process in connection with all other applicants. Any tenured personnel running for Sheriff, if elected or appointed, will retain his tenured position on completion of his elective office."

¶ 35    In construing article VI of the MCMC Regulations, the circuit court invalidated one section—the leave of absence provision—and simultaneously enforced another section—the reinstatement provision. Again, in our view, this was error. The facts demonstrate that DeVore resigned from his employment when he failed to request a leave of absence while he was a patrol sergeant seeking elected office as sheriff. The MCMC Regulations clearly establish that a request for a leave of absence is necessary to preserve a right to future reinstatement. In addition, DeVore's subsequent acceptance of a final payout amount for all accrued leave, sick leave, and compensatory hours serves as additional proof of his resignation. Thus, based on the undisputed facts before this court, DeVore cannot reasonably argue that either statutory provision under article VI of the MCMC Regulations applies to his particular case. We find further support from DeVore's own deposition testimony where he acknowledged that he was unaware of the statutory provisions at the time he was elected to serve as sheriff in 2008. In fact, at that time, DeVore understood that he was taking a risk, that is, if he did not remain sheriff, he might not have a job at the sheriff's department. Given that the undisputed facts demonstrate DeVore voluntarily resigned from his employment, there exists no genuine issue of material fact that should have precluded the entry of summary judgment in Stevenson's favor. Under these circumstances, DeVore simply cannot show a right to reinstatement to his prior position as a patrol sergeant.

¶ 36    Based on the foregoing, we find that DeVore resigned from his employment when he failed to request a leave of absence. If DeVore wished to return to his previous position after finishing his term, or terms, as sheriff, he could have availed himself of the statutory protections provided by the MCMC Regulations by requesting a leave of absence when he ran for sheriff. However, as stated previously, he failed to do so. For that reason, the circuit court should not have considered article VI of the MCMC Regulations because it did not apply to the present case. We therefore

15

reverse the circuit court's August 6, 2018, denial of Stevenson's motion for summary judgment. We also vacate the court's February 12, 2019, order, which denied Stevenson's motion to reconsider, granted DeVore's motion for summary judgment, and issued a writ of *mandamus* directing Stevenson to act.

¶ 37                                                                III. Conclusion

¶ 38    For the reasons stated above, we reverse the circuit court of Marion County's denial of Stevenson's motion of summary judgment and vacate the court's subsequent order granting summary judgment in DeVore's favor, denying Stevenson's motion to reconsider, and compelling Stevenson to act through a writ of *mandamus.*


¶ 39    Reversed and vacated.